MILLER BROTHERS, Appellants, *v.* BANK OF BRITISH COLUMBIA, Respondents.

### *Appeal from Multnomah County.*

1. Who may confess a judgment against a private corporation.
2. Judgment by confession without action requires a statement; otherwise, such a judgment after action brought.
3. Judgment by confession, regular upon its face, can only be impeached by suit in equity for fraud, &c.
4. Judgment debtor, or his representatives, in case of his death, the proper persons to object to the confirmation of sheriff's sale.

ON the 2d day of July, A. D. 1867, the Bank of British Columbia commenced an action in the Circuit Court of the State of Oregon, for Multnomah county, against A. I. Bloch and the Oregon City Paper Manufacturing Company, upon a promissory note for $10,000.40, dated Portland, Oregon, March 19th, 1867, executed by said manufacturing company,

and payable to the order of A. I. Bloch, and by him indorsed to the Bank of British Columbia.

The summons was served on A. I. Bloch and A. J. Apperson, secretary of the Oregon City Paper Manufacturing Company, on the 2d day of July, 1867, and on the 3d day of July, 1867, confession of judgment was made by A. I. Bloch and James D. Miller, the president of the Oregon City Paper Manufacturing Company, which confession was duly signed and acknowledged by the latter as president of the company, and by A. I. Bloch.

W. W. Page, attorney for the bank, assented to the confession of judgment for and on behalf of the bank. Whereupon judgment was entered against said defendants, A. I. Bloch and the Oregon City Paper Manufacturing Company, for $10,000.40 on that day. Miller Brothers are junior judgment creditors by virtue of a judgment obtained against the Oregon City Paper Manufacturing Company, on the 18th day of July, A. D. 1867, by default, for the sum of $1,147.12 in currency, and $289.22 in gold coin. The summons was served on James D. Miller, president of the company, on the 9th day of July, 1867, and judgment was entered by the clerk in vacation. On the 7th day of September, 1867, the property of the Oregon City Paper Manufacturing Company was sold by virtue of an execution issued upon the judgment in favor of the Bank of British Columbia for $1,400, in gold coin, to A. I. Bloch. A notice of motion by Miller Brothers to set aside and vacate the judgment in favor of the bank, and to oppose a confirmation of the sale to Bloch, was duly given, and came on for hearing on affidavits, &c., at the November term of the Multnomah Circuit Court.

On the 21st day of December, 1867, the Court overruled the motion and confirmed the sale. Appellants duly excepted to the decision and appealed therefrom to this court. Miller Brothers introduced on the hearing below an affidavit setting forth certain alleged fraudulent acts on the part of the bank, Bloch, and the company; that Bloch was the real owner of

the note, and that their proceedings were to secure Bloch and defraud Miller Brothers, rather than to collect a debt due the bank.

*Mitchell, Dolph & Smith*, for appellants, claim:

That the company had no right to confess a judgment, because it was not conferred by act of incorporation. (*Code, 659, section 5; Sedg. on Constitutional Law*, 339, &c.; 4 *Peters, U. S.*, 152, 168; 40 *Barb., S. C.*, 256.)

The statute merely designates the person who may execute the confession when the act of incorporation gives such power. (*Code*, 672, 235.)

Plaintiffs are junior judgment creditors, and have a right to assail the judgment by confession, and that by motion, and may set up fraud. (7 *How., Pr. R.*, 448; 30 *Barb.*, 117; 10 *Paige, ch.* 243; 13 *Wend.*, 236; 8 *Paige, ch.* 349; 16 *Abbott, Pr. R.*, 548; 4 *Johns.*, 143.) For powers of a corporation, see 38 *Barb.*, 181; 4 *How. U. S.*, 553; 3 *Cranch, U. S.*, 166; 2 *Cow.*, 678, and others cited.

As a judgment by confession, it is defective in statement. (2 *Ogn. Rep., Richardson* v. *Fuller;* 9 *How. Pr. R.*, 61; 2 *Kernan*, 215; 18 *Cal.*, 576; 30 *Barb.*, 117.)

*Page & Thayer*, for respondents. (No brief furnished.)

KELSAY, J. It is assigned as error, in the first instance, that the Circuit Court held that the president of the Oregon City Paper Manufacturing Company, above named, had authority to confess a judgment against the company. We think this objection is not well taken, for the reason that, when an action is against a private corporation, confession of judgment must be made by the person who at the time sustains such a relation to the corporation as would authorize the service of a summons upon him. (*Code, page* 201, *section* 248.) The company was a private corporation. (*Code*, 658.) The service of a summons upon the president of a private corporation was authorized at that time, and is now.

(*Gen. Laws of* 1866, *page* 9, *section* 54, *sub.* 1.)   The confession of judgment being by the proper officer, the presumption is that he was duly authorized (*Code, page* 337, *section* 766, *sub.* 15); and there being no proof to the contrary, that presumption remains.

It is also assigned as error that the Circuit Court held the statement of facts sufficient to authorize a judgment by confession.   We hold that, after an action has been brought, the confession need not state the facts out of which the indebtedness arose.   (*Code, page* 201, *sections* 247–8–9–50.) Otherwise, such statement is necessary.   (*Sections* 251–2–3.)

The confession and assent thereto were in writing, subscribed by the proper parties making the same, and duly acknowledged by each.   It is claimed that this must be regarded as a confession of judgment by statement, for the reason that, on the part of the bank, it was so characterized. It cannot be so regarded.   The character and effect of the confession are fixed by law; and, notwithstanding parties may designate the transaction by another name, the legal effect is unchanged.

It is again assigned that the Circuit Court erred in rejecting and not considering the affidavit filed by Miller Brothers to sustain said motion.   We think the court did not err in this instance; for the reason, that the confession and judgment were regular, and can only be impeached by a suit in equity on the ground of fraud, &c.   When the judgment is irregular, then a motion supported by affidavit to set it aside will lie.   (3 *Johns. Cases,* 279.)

Finally, as regards the objections to the confirmation of sale, the *Code, page* 217, *section* 293, *sub.* 1 *and* 2, provides: 1. "The plaintiff in the writ of execution shall be entitled on motion therefor to have an order confirming the sale, at the term next following the return of the execution; or, if it be returned in term time, then at such term, unless the judgment debtor, or, in case of his death, his representatives shall file with the clerk, ten days before such term, or, if the writ be

returned in term time, then five days after the return thereof, his objections thereto." 2 "If such objections be filed the court shall, notwithstanding, allow the order confirming the sale, unless, on the hearing of the motion, it shall satisfactorily appear that there were substantial irregularities in the proceedings concerning the sale, to the probable loss or injury of the party objecting; in the latter case, the court shall disallow the motion, and direct that the property be re-sold, in whole or in part, as the case may be, as upon an execution received of that date." The debtor filed no objections as herein provided, and no irregularities having been shown, the Circuit Court committed no error in confirming the sale.

Judgment is affirmed.