## City of North Lawrence v. Hoysradt.

1. PRACTICE—JOINDER OF ACTIONS. A separate and distinct cause of action cannot be incorporated or joined in a "petition in error" to review a judgment or decision of an inferior court, and prosecuted in connection with such proceedings in error.

2. JURISDICTION—CORPORATION PARTY—*Voluntary appearance.* Where a suit had been brought in a justice's court against a municipal corporation, existing under the act relating to cities of the second class, (Ch. 19, Gen. St. 1868,) and there was no regular service of summons, but instead thereof the mayor appeared to such suit in behalf of such corporation, *Held*, That such appearance was authorized by law, and bound the city.

*Error from Douglas District Court.*

NICHOLAS HOYSRADT filed in a justice's court his bill of particulars, entitled " *N. Hoysradt v. The City of North Lawrence,*" claiming a balance of $125.40 for services as

city clerk, city attorney, office rent, and stationery. Thereupon the mayor of said city executed and filed a stipulation in said proceeding, as follows:

"I hereby enter an appearance for the above named defendant in the above entitled action, and for the said defendant agree that the trial of the same may proceed forthwith.        LEROY CRANDALL, Mayor
"Sept. 29, 1869.        Of the City of North Lawrence."

The justice thereupon proceeded to try the cause, and, upon the testimony of the plaintiff rendered judgment against defendant for the amount claimed, and costs.

On the 22d of October, 1869, the said *City of North Lawrence*, by J. M. S., her attorney, filed in the district court a petition in error to reverse the judgment so obtained by *Hoysradt*, claiming that the mayor could not waive process and service; that the justice had no jurisdiction, and that the judgment so rendered was *coram non judice*, and void. And "for a second and further cause of action," it was alleged in said petition in error that said judgment was obtained by means of fraud and collusion between plaintiff therein and the mayor; that the knowledge thereof was suppressed until it was too late for the city to appeal; that said plaintiff had sued out execution, and was about to collect the judgment; that said plaintiff was insolvent, etc.; and praying *an injunction* against *Hoysradt*, to enjoin the collection of said judgment.

On motion of *Hoysradt* the district court struck out all that part of the petition in error setting up a second and distinct cause of action, as being "irrelevant and redundant," and on the hearing of the case *affirmed* the judgment of the justice. To all of which the city excepted, and now brings the case here for review.

[ The Reporter has been unable to find any brief on the part of plaintiff in error.]

*J. M. Scudder*, for plaintiff in error.

*N. Hoysradt*, and *Thacher & Banks*, for defendant in error:

1. The averments and prayer in the petition in error for an injunction were properly stricken out. It is not one of the cases in which two or more causes of action may be joined in the same petition.

2. The only real question in this case is, can a municipal corporation be bound by the voluntary appearance of its mayor in a suit, without service of process? The statute authorizing suits to be so commenced, (§ 9, ch. 81, Gen. St. 1868,) is general; no exception is made in favor of corporations. The mayor is the officer *upon whom* process may be served, (§ 13, same chapter,) and he had the right to appear and waive process and service.

An appearance of a corporation waives the irregularity of service. *Flynn v. Hudson Riv. R. R. Co.*, 6 How. Pr. R., 308; Seney's Code, 511, note *d*.

Any officer of a corporation may appear for it without any appointment particularly for the purpose. 2 Wait's L. and Pr., 222, 223.

The opinion of the court was delivered by

SAFFORD, J.: This was a petition in error, brought in the district court to reverse the judgment of a justice of

1. PRACTICE. Original action not to be joined or prosecuted with proceedings in error.

the peace. Connected with such petition in error, or rather in the same petition there was an attempt to unite and prosecute a separate and distinct original cause of action. This in our opinion is not allowable. The remedy by petition in error—

all of the advantages of which were adopted and secured by the party bringing it in this case, is one thing; while that in the nature of an equitable proceeding to obtain relief, on the grounds insisted on below, is quite another. As a consequence of their essential differences, the joining of the two in the same petition would be likely to result in confusion, such as would in many cases be calculated to retard, if not to defeat the ends of justice. Vexed and difficult questions as to practice, or otherwise, would arise, all of which might be avoided by a different mode of procedure.

II. We are of the opinion that none of the questions which are argued by counsel for the plaintiff in error are

2. JURISDICTION; municipal corporation; appearance of, without process. properly before us for our decision, excepting such as arise upon that part of the case below which referred to the alleged error of the justice in taking jurisdiction of, and trying the cause, as it is shown he did. The defendant was a municipal corporation, existing under and being governed by the provisions of the statute relating to cities of the second class; Ch. 19, Gen. Stat., 1868. The record shows that no service of summons was made or attempted to be made upon the city in the said suit, but that instead thereof the mayor, in his official capacity, voluntarily entered an appearance in that behalf, intending thereby to obviate the necessity of any other or further service. Was such action on the part of the mayor authorized by law, and sufficient to bind the city? We think that the answer to this inquiry must be in the affirmative. " Actions before justices of the peace are commenced by summons, or by appearance and agreement of the parties, without summons." "A summons against a corporation may be served upon the president, mayor," etc. Gen. St. 1868,

ch. 81, §§ 9, 13. See also, § 7, ch. 19, same statutes, the provisions of which should be construed in connection with those of said § 13, and so that there may be no conflict between them. Now, whether summons is served upon the mayor of a city, and such city is thereby duly brought into court as authorized by the sections last above quoted, or whether such mayor in his official capacity goes into court and makes an appearance for the city, as it would seem might be done under said section nine, and thereby binds the city, the result is, and cannot be otherwise than practically the same. The city is in court, either by and through the service of process made upon, or by the official, voluntary act of the *same officer*, according as the one course or the other be followed. What difference or disadvantage then can result to the city from the employment of the one way, or the other, of getting her into court? The notice to the city is certainly no more effective by the service of summons, regularly issued, than it is if such summons be waived and an appearance be entered by the officer upon whom such service would otherwise be made; nor would the court be better advised as to the fact of notice having been given in the former case, than he would be in the latter. But it is contended, that if it be held that the mayor could enter an appearance for the city without any summons having been served, it follows that the same power in case of his absence rests with the president of the council, and so down to any person in charge of the office where the business of the city may be transacted, provided all of the officers previously mentioned in said section thirteen, as those upon whom service to bind the city can be made, should prove to be absent, and not to be found. Such a position may be correct to a certain extent; but it

cannot be maintained under either of the sections refer-red to as to the person in charge of the office, etc.   The effect of the language used is not that in case of the absence of every other officer mentioned, the service may be made *upon* the person in charge, etc., but in such case it is merely provided that a copy of the summons shall be left *with* him; and for what purpose, if not, as one would naturally infer, that such copy should, or might be delivered to some of the officers of the city *upon* whom service could be made?   This act of leaving a copy of the summons with the person in charge, etc., is nothing more than a technical service upon the officer (*as such, and as representing the city for the purpose of service,*) at whose place of business it is left; and it seems idle to say, that because of the single fact that such copy may be so left, it would for that reason follow that the person in charge, etc., would be empowered to do and perform the same acts in the premises as might be done by the mayor or such other officer as it is specifically provided may be served with summons, so as to bind the city.

But it is further contended, that the provision of said section nine of said chapter 81, which authorizes the commencement of suits by appearance and the agreement of the parties, and without summons, is limited in its action to those parties to actions who are able to and do actually appear in their own proper persons, and in their own behalf, and does not extend the right to parties who must of necessity appear by a representative.   We do not see the wisdom, or practical utility of such a narrow construction; nor do we think that a more liberal one would be productive of mischief.   The connection in which the word " parties" is used, in said section, does not necessarily require that it shall be confined to, and

mean only the parties to the action in the sense of plaintiffs and defendants, but on the other hand, seems to admit of the more enlarged construction that it may be held to include those who are, or may be parties to the summons as well, or upon whom such summons may be served. To this view there seems to be no sound objection. Said section nine was no doubt enacted with a view of providing a way by which parties might save the costs of summons, service thereof, etc. For this reason the right thereby conferred is of considerable value to litigants; and no good reason is suggested why a municipal corporation should be deprived of its benefits.

The judgment of the district court is affirmed.

All the Justices concurring.