J. E. COBBEY, SR., v. J. B. WRIGHT.

[FILED APRIL 1, 1890.]

1. **Jurisdiction:** DEFENDANT IN DIFFERENT COUNTY: JUDG-
MENT: LIEN: INJUNCTION. An action to enjoin a judgment
rendered in Gage county was brought in Lancaster county
against the sheriff of Lancaster county and the plaintiff in the
judgment, a resident of Gage county, and on the trial the action
as to the sheriff was dismissed and a decree by default rendered
against the plaintiff in the judgment. The injunction was af-
terwards dissolved by the supreme court and the action dis-
missed. Afterwards, upon a further showing that the judgment
complained of was a lien upon certain real estate of the plaint-
iff in Lancaster county, and thereby created a cloud thereon,
the judgment of dismissal was modified upon payment of costs
so as to permit an amended petition to be filed setting forth the
facts as to the alleged lien. An amended petition was thereupon
filed, in which there is no allegation or claim that the judgment
in question is a lien upon any specific real estate of the plaintiff.
*Held,* That the court had no jurisdiction and that the decree for
the plaintiff therein is a nullity.

2. ———: ———. Except in cases where jurisdiction is acquired by
reason of the subject-matter of the suit, an action must be
brought against a defendant in the county in which he, or some
of the defendants, reside or may be summoned.

ERROR to the district court for Lancaster county. Tried
below before FIELD, J.

*J. E. Cobbey,* for plaintiff in error.

*N. C. Abbott, contra.*

MAXWELL, J.

This is an action to enjoin a judgment. The petition is
as follows:

"Now comes the said plaintiff and files this, his amended
petition herein, in accordance with the order of the supreme

court of this state, and complaining of the said defendant, says : That the said defendant, Joseph E. Cobbey, Sr., has or claims to have a judgment against one Edward Hutchinson, rendered in the justice court in and for Gage county, Nebraska, on the 31st day of July, 1886, for the sum of $45 and costs of suit therein taxed ; that afterwards, and on or about the 10th day of August, 1886, said defendant, plaintiff in said action against said Hutchinson, filed in said justice court an affidavit in garnishment against this plaintiff and caused a summons in garnishment to issue against this plaintiff out of said justice court in said action; that afterwards, and on or about the 21st day of August, 1886, the justice before whom said case was pending, unlawfully and without any notice to this plaintiff, and without his knowledge or consent, made a finding that this plaintiff was indebted to the said Edward Hutchinson in the sum of $100 and thereon made the following order:

"'It is therefore ordered, considered, and adjudged by the court that said John B. Wright, or his agent, pay to the said plaintiff out of the money now in or coming into his hands belonging to said Hutchinson, $53 debt and costs forthwith, and plaintiff (Cobbey) have judgment against the said John B. Wright for $53 and costs and execution therefor.         T. E. FERRIER,
"'*Justice of the Peace.*'

" That no summons or notice in garnishment was ever served on him in any manner whatever, nor did he ever, in person or by counsel, appear in any proceedings in said case or the garnishment proceedings therein, or know anything about any such order or judgment, or pretended judgment, until about the 29th day of October, 1886 ; that he does not owe said Hutchinson or defendant any sum of money whatever, nor did he ever owe either of them any sum of money whatever, nor did he ever own or hold any contract by which he did or ever had any reason to expect that he would become indebted to said Hutchinson in any

sum of money whatever, nor did he have any property of any kind whatever in his possession or under his control belonging to the said Hutchinson; that afterwards, and on or about the —— day of October, 1886, the said defendant caused a certified transcript of said proceedings and order or judgment to be filed in and spread upon the records of the district court in and for Gage county, Nebraska, and a further transcript thereof certified by the clerk of said last-named court, to be filed in the clerk's office of Lancaster county, Nebraska, and spread on the records thereof; that the said defendant threatens and is about to enforce the collection of said order or judgment against this plaintiff, and unless prevented by the restraining order of this court, an execution will be issued thereon against this plaintiff, and levied upon his property for the satisfaction of said pretended judgment and thereby cause great and irreparable injury to this plaintiff, plaintiff having no adequate remedy at law; that at the time of the filing of said transcript in the district court of Lancaster county, Nebraska, he was and now is the owner of the following described real estate in the city of Lincoln, Lancaster county, Nebraska, to-wit, in the Lincoln Land Company's subdivision of lots ——, in block 85, according to the recorded plats of said city and subdivision upon which the said pretended order or judgment is a lien and thereby casts a cloud on the title to said real estate, which defendant neglects and refuses to remove; that the plaintiff is the owner of chattel property in said Gage county, Nebraska, upon which defendant threatens and is about to levy an execution for the satisfaction of said judgment.

"Wherefore plaintiff prays for a temporary restraining order of this court against said defendant, enjoining him, and any and all persons acting for and under him, from the collection of said judgment, and upon the final hearing of the case such order of injunction may be made perpetual, and the collection of said pretended judgment perpetually

enjoined; that the said defendant be ordered to cancel said pretended judgment or order on the records of this court as well as the records of said justice of the peace, and upon failure to comply with such order within a reasonable time, to be fixed by the court, that the clerk of this court be ordered to cancel such records, and for such other, further, and different relief as plaintiff may in equity be entitled to, and costs of suit."

This action originally was brought against J. E. Cobbey and Samuel M. Melick, defendants, service being had upon Melick in Lancaster county, and a summons thereupon sent to Gage county which was served upon Cobbey. Cobbey did not appear, but judgment was taken by default against him and the action was dismissed as to Melick. The case was thereupon brought into this court, where the judgment against Cobbey was reversed for want of jurisdiction in the trial court. (*Cobbey v. Wright*, 23 Neb., 250.) Afterwards, upon a further showing that the judgment sought to be enjoined was a lien upon certain real estate of Wright, the judgment of dismissal was modified to permit an amendment of the petition to show the existence of such lien. This as amended the petition wholly fails to do.

Considerable stress is laid upon the mandate of this court permitting an amendment. That, however, must be construed with reference to the object sought. The sole purpose of the injunction in Lancaster county was to remove a cloud upon the title to real estate therein, and thus the district court of Lancaster county, having jurisdiction of the *res*, could send its process out of the county for service upon any person claiming an interest in such *res*. The petition, however, shows that the court has no jurisdiction on that ground.

Unless the court acquires jurisdiction by reason of the subject-matter being situate within the county where the action is brought, the action must be commenced in the county in which the defendant resides or may be served

with a summons. (*Dunn v. Haines*, 17 Neb., 560; *Pearson v. Kas. Mfg. Co.*, 14 Id., 211; *Cobbey v. Wright*, 23 Id., 250; *Allen v. Miller*, 11 O. S., 374.)

Unless there is a general appearance in a case a court can acquire jurisdiction only in the mode provided by law, and it is not the policy of the law to permit a nominal defendant having no real interest in the result of the action to be joined with the real defendant in order that an action may be brought against such actual defendant in a county other than that in which he resides or may be summoned.

The judgment of the district court is reversed and the action dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.