W. E. BAUER, APPELLEE, v. D. M. DEANE ET AL., APPELLANTS.

[FILED NOVEMBER 25, 1891.]

1. **Attachment:** LIENS: PRIORITY. The bank of V., located at V., in Saunders county, received $1,785 from D., and issued to him a certificate of deposit signed by S., the president. Afterwards the bank stopped payment, when D. began an action against the bank in Butler county, and caused an attachment to be levied on certain personal property of S. On the next day one B. began an action by attachment against S. in Saunders county, and the same was levied on the property previously levied upon in favor of D. *Held,* That the attachment of B. constituted the first lien on the property.

2. ———: GROUNDS: PLEADING. In this state an action is begun in the district court by filing a petition and issuing a summons thereon which is served on the defendant, and an attachment is ancillary thereto. Where, therefore, the petition makes no claim of liability against a defendant, stating no fact from which such liability may be inferred, there is no ground of attachment against him.

3. ———: PRIORITY: AN AMENDED PETITION afterwards filed, which alleges a liability of the defendant to the plaintiff, will not take precedence of liens of other creditors which have attached since filing the original petition.

APPEAL from the district court for Butler county Heard below before MARSHALL, J.

*Clark & Allen*, for appellants:

As the pleadings fail to show the filing of an affidavit, there was no valid attachment lien. (*Dakin v. Hudson*, 6 Cow. [N. Y.], 221; *Frary v. Dakin*, 7 Johns. [N. Y.], 75; *Morgan v. Dyer*, 10 Id., 161; *Wyman v. Mitchell*, 1 Cow. [N. Y.], 316; *Otis v. Hitchcock*, 6 Wend. [N. Y.], 433; *Stephens v. Ely*, 6 Hill [N. Y.], 607; *Ford v. Babcock*, 1 Denio [N. Y.], 158; *Hall v. Howe*, 10 Conn., 519; *Firebaugh v. Hall*, 63 Ill., 81.) It was necessary for the plaintiff that his attachment was valid in every particular. (*Thornburgh v. Hand*, 7 Cal., 554; *Williams v. Eikenberry*, 22 Neb., 211; *Oberfelder v. Kavanaugh*, 21 Id., 483–491.) As to the amended petition: *Abbott v. Pearson*, 130 Mass., 191; Thompson, Trials, sec. 834; *Connelly v. Edgerton*, 22 Neb., 83.

*Geo. P. Sheesly*, *contra*, cited, as to the amended petition: Waples, Attachment, 70, 71, 73, 75, 77, 104, 185, 302, 409, sec. 219; *Patterson v. Gulnare*, 2 Dis. [O.], 505; *Whitney v. Brunette*, 15 Wis., 67; *Bell v. Hall*, 2 Duvall [Ky.], 288; *Crouch v. Crouch*, 9 Ia., 269. As to the priority of the attachment liens: *Seibert v. Switzer*, 35 O. St., 661; *Endel v. Leibrock*, 33 Id., 254; *Pope v. Ins. Co.*, 24 Id., 481; *Kerr v. Mount*, 28 N. Y., 659; *Kelly v. Countryman*, 15 Hun [N. Y.], 99; *Woodmansee v. Rodgers*, 58 How. Pr. [N. Y.], 98; *Walker v. Roberts*, 4 Rich. [S. Car.], 561; *Harding v. Harding*, 25 Vt., 487; *Baird v. Williams*, 19 Pick. [Mass.], 381; *Peters v. Conway*, 4 Bush [Ky.], 566. As to the agency of Mrs. Scoville: *Sawyer v. Cutting*, 23 Vt., 486, 490; *Cobbett v. Hudson*, 15 Q. B. [Eng.], 988, 989.

Maxwell, J.

The plaintiff filed a petition in the district court of Butler county as follows:

"First—That the defendant Daniel M. Deane, on the

21st day of November, 1888, commenced an action in the
district court in and for Butler county, Nebraska, against
the State Bank of Valparaiso, F. A. Scoville, and George
A. Crafts, to recover the sum of $1,785 and interest, al-
leged to be due to the said Daniel M. Deane on a certifi-
cate of deposit issued by said bank to him; and the said
Daniel M. Deane, at the time of filing his petition in said
action, caused an order of attachment to be issued against
the said defendants from the district court of Butler county,
Nebraska, and the said attachment was placed in the hands
of the defendant Sumner Darnell, as sheriff of said county,
who, by virtue of said attachment, levied upon and took
into his possession certain property, consisting of a certain
grain elevator, certain cribs, certain corn and cobs taken as
aforesaid as the property of the defendant F. A. Scoville,
and situate on the grounds of the Fremont, Elkhorn &
Missouri Valley Railroad Company, at Dwight, Richard-
son township, Butler county, Nebraska.

"Second—On the 22d day of November, 1888, the
plaintiff herein, W. E. Bauer, commenced an action in the
district court of Saunders county, Nebraska, against the
said Frank A. Scoville and another, for the purpose of re-
covering the sum of $1,409 and accruing interest on a cer-
tain promissory note given by the defendants therein in
favor of the plaintiff, and caused an order of attachment to
issue against the defendants therein from the said district
court of Saunders county, said attachment being directed to
the sheriff of Butler county, Nebraska, by virtue of which
said attachment the said sheriff levied upon and took into
his possession the elevator, cribs, corn, and cobs above de-
scribed, taken as the property of defendant Frank A. Sco-
ville, for the plaintiff W. E. Bauer, on the said 22d day of
November, 1888, and made due return of the said order of
attachment; that on the 17th day of September, 1889, the
said plaintiff recovered judgment against the defendant
Frank A. Scoville and another, in this said action in the

district court of Saunders county, Nebraska, for the full
amount claimed therein; to-wit, the sum of $1,432.75, and
upon said judgment the district court of Saunders county
ordered the sale of all property taken by virtue of the at-
tachment in said action as above set forth for the satisfac-
tion of said judgment.

"Third—That in the above-mentioned cause of Daniel
M. Deane against Frank A. Scoville and others in the dis-
trict court of Butler county no legal service of summons
was had on the defendant Frank A. Scoville, on any of the
said defendants therein, and that said court had no juris-
diction over the said defendants, for the reason that at the
time of the beginning of said action none of the defendants
were, nor are they now, residents of the said Butler county,
and the defendant the State Bank of Valparaiso has at
no time had a place of business in said Butler county, and
that said court had no jurisdiction to issue the attachment
in said cause; and for the further reason that the affidavit for
said attachment as made, signed, and sworn to by one Wm.
Bays, as agent for the said plaintiff, and filed on the 21st
day of November, 1888, was not sufficient to authorize the
issuance of the said order of attachment; that after the said
affidavit was filed and the pretended order of attachment had
been issued thereon, the attorneys for the said plaintiff, J. C.
Robberts and J. W. McLoud, changed and mutilated the said
affidavit for attachment, without leave or knowledge of the
court, by interlining in the said affidavit the words 'and
are now non-residents of the state of Nebraska,' and further
the words 'and the property of the bank,' and the words
'and the creditors of the bank,' and further the words
'and the property of the bank,' in different places through-
out the body of the said affidavit, in such manner as to
wholly change and destroy the affidavit and the meaning
and intent as it existed at the time the same was filed as
aforesaid, and that said affidavit was not sworn to by the
plaintiff or any agent or attorney of his after such altera-

ation and interlineation as above described; that the affidavit was so changed and mutilated as above described after the plaintiff herein had commenced his action against the said F. A. Scoville and another in the district court of Saunders county and the levying of his said attachment therein, fraudulently and with the intent unlawfully to deprive this plaintiff of his rights in said action and under his said attachment.

"Fourth—That on the 14th day of January, 1889, a pretended answer, purporting to be the answer of defendant Frank A. Scoville, in the said cause of Deane against the said Scoville and others, was filed, which said answer pretended to admit all the allegations of the petition of the plaintiff, and set up no allegation of defense whatever to the action of the said Deane, upon the filing of which the said district court of Butler county, considering the said answer as the appearance of the said Frank A. Scoville, and depending upon the admission contained in said answer, and upon said admissions alone, taking no further testimony in that behalf, rendered judgment against the said Frank A. Scoville in favor of the said plaintiff Daniel M. Deane, and upon said judgment ordered that the property therein attached be sold and the proceeds applied to the satisfaction of said judgment. The plaintiff herein alleges that the said pretended answer was not the answer of the defendant Frank A. Scoville, but was filed by one Flora E. Scoville, wife of the said Frank A. Scoville; that the said Flora E. Scoville was not the agent of the said Frank A. Scoville for the purpose of making an appearance and filing said answer for him, and had no authority whatever to answer, or in any way to appear for the said Frank A. Scoville in the said cause, and knew she had no such authority; that the said pretended answer was filed by the fraud and fraudulent representations of the said Flora E. Scoville to be the authorized agent of the said Frank A. Scoville; that the said pretended answer

was indorsed by S. H. Steele & Bro., as the attorneys of the said Frank A. Scoville in said action; that the said pretended answer was procured to be filed by the fraud and fraudulent collusion of the said attorneys for the said plaintiff Daniel M. Deane, Robberts and McLoud and one Allen, of Valparaiso, Nebraska, and Flora E. Scoville, aforesaid, and the said Daniel M. Deane; that answer was written and prepared by the said Daniel M. Deane; that the said Allen, acting for the said Deane as aforesaid, presented the same to the said Flora E. Scoville and fraudulently procured her signature and verification thereto; that the said J. C. Robberts, fraudulently, and acting in collusion and connivance with the said Daniel M. Deane, Flora E. Scoville, and said Allen, procured the consent of the said S. H. Steele & Bro., upon the written request of the said Flora E. Scoville, to indorse the said pretended answer · as attorneys for the said Frank A. Scoville; that the said S. H. Steele & Bro. were not the attorneys for the said Frank-A. Scoville and had no authority whatever to appear for him in said cause, and only made such appearance by fraud, collusion, and connivance as aforesaid, for the purpose of defeating the plaintiff herein and depriving him of his rights under his said action and attachment; that upon the said 14th day of January, 1889, a pretended answer, purporting to be the answer of the defendant the State Bank of Valparaiso to the petition of the said Daniel M. Deane, the plaintiff therein, which said answer purported to admit all the allegations of the said petition, and set up no allegation of defense thereto; that the same was signed and verified by one H. E. Rice and indorsed by S. H. Steele & Bro. as attorneys for said State Bank of Valparaiso; that the said H. E. Rice had no authority or power to appear as aforesaid; that the said S. H. Steele & Bro. were not the attorneys for the defendant the State Bank of Valparaiso, but were procured to so indorse said answer by the fraud and collusion of said Robberts, Rice, and Deane;

that the said answer was filed by the fraud and fraudulent collusion of the said Daniel M. Deane, J. C. Robberts, and H. E. Rice, acting and conspiring together to defeat the plaintiff herein and deprive him of his rights under his action and attachment as aforesaid; that the said district court, relying on the admissions of said answer as the answer of the said State Bank of Valparaiso, and taking no further testimony whatever, rendered judgment against the defendant therein.

" Fifth—That an order of sale of the attached property, as hereinbefore set forth, has been issued from the district court of Butler county for the satisfaction of the judgment of the said Deane against the said Frank A. Scoville, so fraudulently procured as aforesaid, and that said order was placed into the hands of the defendant Sumner Darnell, as sheriff of Butler county, and was by him advertised to be sold on the 12th day of March, 1889; that the said property was sold by the said sheriff after the beginning of this action, and the proceeds of said sale are now in the hands of said sheriff as per stipulation of parties hereto and now on file in this cause.

"Sixth—By reason of the fraud and collusion of the above named persons as hereinbefore set forth, the plaintiff herein has been deprived of his rights under his said action and attachment.

"Wherefore the plaintiff prays that the said Daniel M. Deane be forever enjoined from executing said judgment, or proceeding upon said order of sale as against the rights of this plaintiff as hereinbefore set forth, and that the proceeds of the said stipulated sale be ordered to be paid by the said Sumner Darnell, as sheriff, into the district court of Saunders county, Nebraska, to be applied to the satisfaction of the judgment of this plaintiff therein as above set forth, and for such other and further relief as may be just and equitable."

To this petition the defendant Deane filed an answer as follows:

"Comes now the defendant Daniel M. Deane, and answering the petition of the plaintiff, admits that he commenced an action in the district court of Butler county on the 21st day of November, 1888, against Frank A. Scoville, Geo. A. Crafts, and the State Bank of Valparaiso, to recover the sum of $1,785; admits that he caused an order of attachment to be issued therein and levied on the said elevator on said day; admits that the plaintiff commenced an action against Frank A. Scoville in the district court of Saunders county on the 22d day of November, 1888, and caused an order of attachment issued therein to be levied on said elevator; admits that the answer of Frank A. Scoville to the action of the defendant herein was filed on the 14th day of January, 1889, and that said S. H. Steele appeared for him as his attorney; admits that said Flora E. Scoville verified such answer as his agent; admits that on said day the answer of the State Bank of Valparaiso was filed and that it was verified by H. E. Rice, and that said Steele appeared as the attorney for said bank; admits that said Darnell advertised and sold said elevator by an order of sale issued on this defendant's judgment.

"Second—And the defendant denies each and every allegation in said petition contained, except above admitted.

"Third—That the attachment caused by him to be levied on said property on the 21st day of November, 1888, was a legal and valid attachment; that a proper and sufficient affidavit for the issuance of said attachment was filed in said court.

"Fourth—That he obtained legal service in said action on said Frank A. Scoville, by publication, that said notice was in legal form and published in the David City *Tribune,* a newspaper of general circulation in said county, four weeks, the first publication being on the 6th day of December, 1888, and the last on the 27th day of December, 1888; that the proper affidavit therefor was filed in said court

before said notice was published; that the court obtained jurisdiction over the said Frank A. Scoville being an absconding debtor, non-resident.

" Fifth—That the said Flora E. Scoville was the agent of said Frank A. Scoville, authorized by him to prepare and verify said answer, and to appoint said Steele an attorney to appear for him in said action, and that she did so by virtue of said authority; that the court therefore acquired jurisdiction over said Frank A. Scoville by said appearance.

" Sixth—That said H. E. Rice was duly authorized by the State Bank of Valparaiso to sign and verify said answer; that the said Steele was authorized to appear as attorney for said bank.

" Seventh—As a further defense, defendant alleges that the plaintiff's attachment on said elevator is illegal and invalid; that it was issued in an action commenced in Saunders county against Frank A. Scoville; that said Scoville was then a non-resident and no service was had on him except by leaving a summons at his last place of residence; that such pretended service is no service and conferred no jurisdiction on said court over said Scoville, and the attachment therefore levied void.

" Wherefore defendant prays that said action may be dismissed and the injunction dissolved."

The reply is a general denial.

On the trial of the cause the court rendered a decree as follows:

" Now on this 8th day of August, A. D. 1890, the same being a day of the May term, 1890, of the district court of Butler county, this cause came on to be heard upon the pleadings and the evidence, and was submitted to the court, on consideration whereof the court finds upon issue joined in favor of the plaintiff as to the proceeds of the sale of the elevator in question, and in favor of the defendants as to the proceeds of the sale of the cribs, corn, and cobs in question.

"It is therefore considered by the court that the defendant Daniel M. Deane be, and hereby is, perpetually enjoined from executing his judgment in said district court of Butler county against F. A. Scoville, George A. Crafts, and the State Bank of Valparaiso, and from proceeding upon the order of sale of attached property therein as against the rights and interests of the plaintiff herein upon his attachment as to the elevator named in said attachment and order of sale, and that the defendant Sumner Darnell, as sheriff of Butler county, be, and the said defendant sheriff hereby is, perpetually enjoined from proceeding on said order of sale in favor of the defendant Deane; and it appearing to the court that the proceeds of the sale of said elevator, as per stipulation on file in this action, is the sum of $450, and that said sum is in the hands of said defendant Darnell, as sheriff, it is therefore by the court ordered that the defendant Darnell, as sheriff, pay the said sum of $450 into the district court of Saunders county, to be applied to the payment of the plaintiff's judgment therein against F. A. Scoville and E. W. Scoville.

"It is further ordered that the injunction herein as regards the cribs, corn, and cobs in question be, and the same hereby is, dissolved, and that each party hereto pay costs made by and for himself herein."

In November, 1888, the Bank of Valparaiso was an institution doing business at Valparaiso, in Saunders county, with F. A. Scoville as president and George A. Crafts as cashier, both residing in Saunders county. Daniel M. Deane had deposited the sum of $1,785 in that bank, taking therefor the usual certificate of deposit, signed by Scoville as president.

W. E. Bauer, the plaintiff herein, had dealings with Scoville as an individual, in the course of which Scoville became indebted to him in the sum of $1,409 on a promissory note. Matters stood thus on the 20th day of November, 1888, at which time the bank ceased doing business.

On the 21st day of November, Deane commenced an action in Butler county. He set forth his cause of action as follows:

"DANIEL M. DEANE,
          *v.*
THE BANK OF VALPARAISO AND F. A.
    SCOVILLE AND GEO. A. CRAFTS.

"The plaintiff complains of the defendants and says that on the 4th day of October, 1888, the plaintiff loaned the defendant the sum of $1,785, at defendant's special instance and request, and at the same time the defendant executed and delivered to plaintiff a certificate of deposit in words and figures as follows:

"'$1,785.              BANK OF VALPARAISO.
            "'VALPARAISO, NEB., Oct. 4, '88.

"'D. M. Deane deposited in this bank seventeen hundred and eighty-five dollars, payable to the order of himself on return of this certificate, properly indorsed, with interest at ten per cent.          F. A. SCOVILLE, *Pres't.*'

"No part of said certificate has been paid out, and there is now due and payable from defendants to this plaintiff the sum of $1,785, with ten per cent from October 4, 1888. Wherefore plaintiff prays for judgment against defendants for the sum of $1,785, with ten per cent interest from October 4, 1888, until paid, with costs of suit."

He also sued out an attachment, filing an affidavit therefor.

On the 30th day of November, 1888, an amended petition was filed. That action was prosecuted to judgment, with order of sale, and it is that judgment and order of sale that the plaintiff herein seeks to have declared subject to his.

The petition, filed November 21, 1888, made but one party defendant, viz., the Bank of Valparaiso. It is true the title of the case runs "Daniel M. Deane v. State Bank of Valparaiso, F. A. Scoville, and George A. Crafts," but

35

Bauer v. Deane.

the body of the petition sets forth a cause of action against the bank alone, Scoville being mentioned only as signing the certificate of deposit as president of the bank, and Crafts not at all. It is not a cause where the allegations as to the liability of the defendants named are insufficient, but where no such allegations are contained in the pleading. This being so, the filing of an amended petition which contains the proper allegations was equivalent to bringing in new parties, and no lien could be obtained against their property until an action was in fact instituted against them. The defect, however, was supplied in the amended petition of November 30.

The elevator, cribs, etc., were, so far as appears, the personal property of Scoville, and did not belong to the bank, and, so far as appears, were not liable to sale upon an execution issued against the bank, although perhaps the property might be liable in subsequent proceedings. In this state an action is begun in the district court by filing a petition which should show a liability of the defendant to the plaintiff. If there are no allegations tending to show such liability, there is nothing to which the attachment can apply. The plaintiff brought his action in Saunders county, where the bank was located and where Scoville had resided. His attachment was levied upon the property in dispute, based upon a subsisting cause of action against Scoville stated in his petition, and his lien is prior in point of time to that of the defendant, as his lien against Scoville dates from the time of filing the amended petition. On some points there is a conflict in the evidence that we do not care to discuss, and it is unnecessary to decide whether or not the defendant should have brought his action in Saunders county.

There is no error apparent in the record and the judgment is

AFFIRMED.

THE other judges concur.