E. R. FOGG, AS RECEIVER, V. JOHN ELLIS ET AL.

| 61 | 829 |
| 62 | 242 |

FILED MAY 22, 1901. No. 9,486.

Commissioner's opinion. Department No. 2.

1. **Confession of Judgment:** AUTHORITY OF PRESIDENT AND CASHIER. The president and cashier of an incorporated state bank are not authorized to enter a confession of judgment against the corporation under section 433 of the Code more than two years after the bank has ceased doing business, upon notes executed by the cashier in the name of the bank after the bank has ceased doing business.

2. **Judgment Void for Want of Jurisdiction, May Be Attacked Collaterally.** When the record shows that no jurisdiction over the defendant has been acquired, the judgment rendered against such defendant is void, and its invalidity may be shown in any action in which it may be called in question. *Chicago, B. & Q. R. Co. v. Hitchcock County*, 60 Nebr., 722.

ERROR from the district court for Gage county. Tried below before LETTON, J. *Affirmed.*

*Samuel Rinaker, R. S. Bibb* and *Ernest O. Kretsinger*, for plaintiff in error.

*L. M. Pemberton, W. H. Ashby* and *Leonard W. Colby*, contra.

SEDGWICK, C.

In January, 1890, the Peoples Bank of Beatrice was reorganized as the Nebraska National Bank of Beatrice; the assets and liabilities of the old organization were assumed by the new, and the president and cashier were continued as president and cashier of the new bank. The Peoples Bank ceased doing business from the time of the reorganization. In July, 1893, E. R. Fogg was appointed receiver of the Nebraska National Bank, it having become insolvent. The receiver found among the papers of the Nebraska National Bank four promissory notes payable to the bank, bearing date, one in October and three in December of 1890. Each of the notes was signed "Peoples Bank, by H. L. Ewing, Cashier." On the 4th day of October, 1894, the receiver filed a petition in the district court of Gage county upon these notes asking judgment against the Peoples Bank thereon. Copies of the notes were attached to the petition. On the same day there was filed a written confession of judgment on said petition, and waiver of issuance and service of summons. It was signed, "Peoples Bank, by John Ellis, Pres. H. L. Ewing, Cashier." The plaintiff filed an acceptance of the offer of confession, and judgment was thereupon entered thereon. Afterwards this

action was brought by the receiver against these defendants as stockholders of the Peoples Bank upon said judgment to establish the defendants' liability as stockholders. An answer was filed in the action containing a general denial of the allegations of the petition and alleging: "That the pretended judgment of the plaintiff against the Peoples Bank of Beatrice, Nebraska, mentioned and referred to in said petition was rendered upon a pretended confession of judgment made by John Ellis as president, and H. L. Ewing as cashier of the said Peoples Bank, in favor of the Nebraska National Bank of Beatrice, Nebraska, of which the said John Ellis was also president, and the said Horace L. Ewing was also cashier; that said pretended confession of judgment was made by said John Ellis as president, and Horace L. Ewing as cashier, long after said Peoples Bank had been merged into the said Nebraska National Bank, and had ceased to do business, and without any authority whatever from said Peoples Bank, or the board of directors or stockholders thereof, and upon notes which were without consideration, and the execution of which had never been authorized by the board of directors of said Peoples Bank, and that said pretended judgment was rendered without authority and is null and void." The defendant Knowles answered separately, and asked for an accounting of the affairs of the Peoples Bank, and other relief. The cause was tried by the court without a jury, with findings and judgment for defendants, and finding and judgment against the defendant Knowles on her cross-petition. The plaintiff prosecuted error to this court. There is also an appeal by the defendant Knowles.

Upon the trial the plaintiff offered in evidence the judgment in favor of E. R. Fogg, receiver, against the Peoples Bank. The defendants objected to this evidence, and it was excluded by the court. This ruling is now complained of. It is contended that an officer of a corporation on whom service of summons may be made is

NEBRASKA REPORTS. [Vol. 61

Fogg v. Ellis.

authorized to enter a confession of judgment against the corporation. This appears to be the rule in some states. *Miller v. Bank of British Columbia*, 2 Ore., 291; 1 Black, Judgments, sec. 59. Freeman, in the third edition of his work on judgments (vol. 2, sec. 545), says this is the rule in Oregon, and cites *Miller v. Bank;* but in the fourth edition he says this is not the law (vol. 2, sec. 545). It is not the law in this state. In *Howell v. Gilt Edge Mfg. Co.*, 32 Nebr., 627, the question was whether the "manager" of a corporation could enter an appearance, waive summons and confess judgment against the corporation. The court says: "The defendant being a corporation, under the laws of this state, there could be no personal appearance for the confession of judgment. The statutes provide that 'Any person indebted, or against whom a cause of action exists, may personally appear * * * and, with the assent of the creditor * * * confess judgment therefor.' (Sec. 433, Civil Code.)" And the rule so announced is plainly stated in the syllabus. In *Chicago, B. & Q. R. Co. v. Hitchcock County*, 60 Nebr., 722, the question was whether the chairman of the board of trustees of the village of Trenton could waive the issuance and service of summons and enter the voluntary appearance of the village. The question of his authority to confess judgment against the village was not presented. The court says: "The rule of procedure announced in the case last cited [*City of North Lawrence v. Hoysradt*, 6 Kan., 170], is directly in conflict with that announced by this court in *Howell v. Gilt Edge Mfg. Co.*, 32 Nebr., 627, wherein it is held that a judgment by confession can only be entered by the debtor personally, with the assent of the creditor, or by an attorney or agent who shall produce his warrant of authority and make it a part of the record in the case." The opinion in this case seems to leave the question of the authority of the president of a private corporation to waive summons and enter appearance for the corporation in doubt. But the rule in *Howell v. Gilt Edge Mfg. Co.*, that such president

could not enter a valid confession of judgment against the corporation, is clearly approved. In Kansas, the president of a private corporation, or the mayor or chief officer of a municipal corporation, may waive summons and enter the voluntary appearance of the corporation. The rule is derived from a construction of their statutes in regard to the service of summons and entering of the voluntary appearance of defendant. The reasoning of their court would not apply to entering a confession of judgment under a statute like ours. *Salina Nat. Bank v. Prescott*, 57 Pac. Rep. [Kan.], 121; *City of North Lawrence v. Hoysradt*, 6 Kan., 170. In the case at bar the cashier of the Peoples Bank became also cashier of the Nebraska National Bank upon the reorganization. From ten to twelve months after the Peoples Bank had disposed of all its assets, provided for its liabilities and gone out of business, and while he was acting as cashier of the Nebraska National Bank, he executed a series of notes to the Nebraska National Bank, signed the name of the Peoples Bank thereto by himself as cashier, retained these notes for more than two years, and then, with the former president of the Peoples Bank, who was at that time president of the Nebraska National Bank, without authority from the stockholders or directors of either organization, signed a written confession of judgment against the Peoples Bank and in favor of the Nebraska National Bank. And we think that the trial court rightly held that the judgment entered thereon was void.

The contention that this judgment can not be assailed in this collateral manner is without merit. The steps by which the court is supposed to have obtained jurisdiction are disclosed by the record, from which it appears that no jurisdiction was acquired. The judgment is, therefore, void. *Chicago, B. & Q. R. Co. v. Hitchcock County, supra; Howell v. Gilt Edge Mfg. Co., supra.*

The defendant Knowles has filed no brief in this court. The evidence supports the findings of the trial court upon her cross-petition.

57

It is recommended that the judgment of the district court be affirmed with costs.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons given in the foregoing opinion the judgment is

AFFIRMED.