Braun v. Quinn.

WILLIAM BRAUN, APPELLEE, V. THOMAS QUINN ET AL., APPELLANTS.

FILED JULY 18, 1924.   No. 22832.

1. Venue. An action for the recovery of a money judgment, when the defendant is a resident of this state, must be brought in the county where he resides or may be served with summons.

2. Judgment: VALIDITY: JURISDICTION. If an action for a money judgment only is begun against but one defendant in a county where he does not reside and cannot be served with summons, the court does not acquire jurisdiction over his person by summons served on him in the county of his residence. If defendant fails to appear, a judgment rendered upon such service is void.

3. ———: RELIEF IN EQUITY. In a suit by a judgment debtor to enjoin the enforcement of a judgment, on the ground that it is void because the court wherein it was rendered had not acquired jurisdiction over his person, a court of equity will not grant affirmative relief unless it is made to appear that he had a meritorious defense to the cause of action on which the judgment was based.

APPEAL from the district court for Holt county: ROBERT R. DICKSON, JUDGE. *Reversed.*

*H. M. Uttley,* for appellants.

*J. A. Donohoe, contra.*

Heard before MORRISSEY, C. J., DEAN and GOOD, JJ., BLACKLEDGE and REDICK, District Judges.

GOOD, J.

This is an action to enjoin the enforcement of a judgment, on the ground that it is void for want of jurisdiction in the court wherein it was rendered. To the petition the defendants demurred generally and also on the ground of misjoinder of causes of action. The demurrer was overruled, and, defendants electing not to further plead, decree was entered enjoining the enforcement of the judgment, in accordance with the prayer of the petition. Defendants appeal.

The salient facts set forth in the petition are as follows: December 13, 1920, Thomas Quinn commenced an action against William Braun in the district court for Holt county, Nebraska, upon a contract, and prayed for a money judgment. On the same day Quinn filed an affidavit for attachment, setting forth as ground therefor that the defendant Braun had fraudulently incurred the obligation for which suit was brought. On the same day a summons

and order of attachment were issued, directed to the sheriff of Holt county. The sheriff made return to the summons that the defendant could not be found in his county, but levied the order of attachment upon real estate of the defendant Braun. On the 28th day of December, 1920, an alias summons was issued out of said court and directed to the sheriff of Platte county, Nebraska, which was served upon Braun. There was attached to this summons a certificate, giving information that a writ of attachment had been issued in the action and levied upon certain described real estate. Braun made no appearance in that action, and on the 26th day of October, 1921, a default judgment, personal in form, was rendered in favor of the plaintiff Quinn, and the court directed that an order of sale should issue, commanding the sale of the attached real estate, or a sufficient amount thereof to pay the judgment, with costs. Pursuant to this order the sheriff advertised the real estate for sale, and then the present action was brought.

It is alleged in the petition in the instant action that at all the times complained of plaintiff was a resident of Platte county and was not at any of the time a resident of or within Holt county. Plaintiff further alleges that he had been the owner of the real estate levied upon, but had since conveyed the same and was liable to his grantee upon the warranties in his deed of conveyance, and also alleges that he was the owner of other particularly described real estate in Holt county, and that the purported judgment obtained against him was a cloud upon the title to his real estate. Plaintiff prays that the purported judgment be decreed null and void, that proceedings to enforce it be perpetually enjoined, and that his title to all the real estate be quieted against the claims of the defendants.

It is contended that the facts pleaded do not show that the judgment is void, but, at most, merely voidable, and that, even if void, plaintiff may not enjoin its enforcement, because he has not set forth in his petition that he had a valid defense to the cause of action on which it was based.

According to the averments of the petition, which are ad-

mitted by the demurrer, when Quinn filed his petition in Holt county, Braun was then a resident of Platte county and at no time since has Braun been a resident of or within Holt county. The action, being for a money judgment only, could not be commenced and maintained except in a county where defendant resided or could be served with process. The law did not authorize the issuance of a summons to Platte county. The service in that county of summons on Braun did not give the court jurisdiction over his person. The judgment subsequently rendered was void for want of jurisdiction. *Ayres v. West,* 86 Neb. 297; *Fogg v. Ellis,* 61 Neb. 829; *Chicago, B. & Q. R. Co. v. Hitchcock County,* 60 Neb. 722; *Walker v. Stevens,* 52 Neb. 653; *Mosher v. Huwaldt,* 86 Neb. 686.

Defendant contends that the petition does not state facts sufficient to entitle the plaintiff to the relief demanded, because plaintiff failed to allege that he had a valid or meritorious defense to the cause of action on which the judgment was founded. The plaintiff, on the other hand, contends that, the judgment being void, its enforcement may be enjoined without alleging the existence of a meritorious defense to the cause of action on which it was based. The authorities upon this question are not uniform, and the decisions of our own court are not entirely harmonious.

Plaintiff cites and relies upon *Bauer v. Deane,* 33 Neb. 487; *Cobbey v. Wright,* 29 Neb. 274, and *Ayres v. West, supra.* In none of these cases is the question raised or discussed as to whether, in an action to enjoin the enforcement of a void judgment, it is necessary to allege the existence of a meritorious defense to a cause of action on which the judgment was founded. For aught that appears, in the case of *Ayres v. West, supra,* a valid defense may have been alleged. In *Bauer v. Deane, supra,* the action was by one judgment creditor to enjoin the enforcement of a void judgment by another judgment creditor, and in that action it was disclosed that the plaintiff in the injunction suit had acquired a valid and superior lien, so that, in effect, he showed a meritorious defense to the cause of ac-

tion, in so far as it related to the rights of plaintiff in the injunction action.   In *Cobbey v. Wright, supra,* the petition alleged facts showing a meritorious defense.

But more directly to the point, this court has held in *Kaufmann v. Drexel,* 56 Neb. 229: "An action may be maintained to enjoin the enforcement of a void judgment when there is a concurrence of the following conditions: (1) The judgment must be without any legal or equitable basis; (2) its invalidity must not appear on the face of the record; and (3) the party complaining must be without an adequate remedy at law."

In *Bankers Life Ins. Co. v. Robbins,* 53 Neb. 44, it is held: "A party against whom a judgment has been rendered by default, which judgment is void for want of jurisdiction over the person of the defendant, is not entitled to an injunction to restrain the enforcement of such judgment unless he makes it appear, both from his pleadings and proof, (1) that he has a meritorious defense to the cause of action on which the judgment is based; (2) that he has no adequate remedy at law; and (3) that his plight is in no wise attributable to his own neglect."

In *Janes v. Howell,* 37 Neb. 320, it is held: "A court of equity will not vacate a judgment at law merely on the ground that the officer's return, that he had served the summons on the defendant to the judgment by leaving a copy of the process at his usual place of residence, was false.  It must also be averred and proved that the defendant to the judgment has a meritorious defense to the same."

In *Osborn v. Gehr,* 29 Neb. 661, it is held: "A court of equity will not set aside a judgment at law, regular on its face, when it is not shown that the judgment was rendered where no cause of action existed."   In other words, the petition in that action did not allege facts showing a defense to the claim on which the judgment was founded.

In *Pilger v. Torrence,* 42 Neb. 903, it is held: "When one against whom a judgment has been rendered seeks the affirmative aid of a court of equity to relieve him from that judgment, he must aver and prove that he had a merito-

rious defense to the action in which judgment was rendered. This is true even though the judgment be void, provided at least its invalidity does not appear on the face of the record."

The reason usually given for the rule against relieving from a void judgment unless a meritorious defense to the cause of action is averred is that equity will not do a useless thing, and it would subserve no useful purpose to set aside a judgment for want of jurisdiction, if the party seeking the injunction had no defense to the cause of action upon which it was based. Another reason is that it is not enough that the judgment assailed be unlawful. It must be against conscience as well.

We think the correct rule, and the one supported by the weight of authority, is laid down in 1 Black, Judgments (2d ed.) sec. 376, in the following language: "It is generally held that where a judgment at law is void for want of jurisdiction, no summons or notice having been served on the defendant, nor opportunity given him for defense, nor any appearance entered by or for him, equity will relieve against the judgment, if it be shown that there is a meritorious defense to the action."

While the summons served on Braun in Platte county was insufficient to give the district court for Holt county jurisdiction over his person, it did apprise him of the fact that he was named as the defendant in a petition filed in that court, and that a judgment was being asked against him. He could have entered a special appearance and, by timely objection, have prevented entry of the judgment against him. This he failed to do. His present plight is attributable to his own neglect. Whether he had a valid or meritorious defense is not disclosed. Unless he had such a defense, the judgment is not unconscionable. He is not entitled to affirmative relief in a court of equity unless he makes it appear that he had a meritorious defense and that the judgment is therefore against conscience. It follows that the district court erred in overruling the demurrer.

The judgment is reversed and the cause remanded, with

leave to the plaintiff, if he so elects, to amend his petition and set forth therein facts showing any defense he may have to the cause of action on which the judgment was based.

REVERSED.

. Note—See Judgments, 33 C. J. p. 1074, sec. 35; p. 1086, sec. 47—Venue, 40 Cyc. p. 96. .