GEORGE W. MOWERY, PLAINTIFF IN ERROR, V. P. P. MAST & CO. AND ALFRED CALVERT, DEFENDANTS IN ERROR.

**Promissory Note:** GUARANTY. One M., an agent, wrote the following guaranty on a note before delivering the same to his principal: "For value received, we hereby guarantee the payment of the within note, and waive protest, demand, and notice of non-payment thereof. G. W. MOWERY." *Held*, that a joint action could not be maintained against him and the maker of the note.

ERROR to the district court for Adams county. Tried below before GASLIN, J. The case is stated in the opinion.

*Batty & Ragan* and *A. H. Bowen*, for plaintiff in error, cited 2 Parsons on N. and B., 117, and Note *a* and 118 and Note *d*. Brandt on Suretyship and Guaranty, 2, sec. 1, and cases there cited. *McMillan v. Bull's Head Bank*, 32 Ind., 11. *Central Savings Bank v. Shine*, 48 Mo., 463. *Allen v. Fosgate*, 11 How. Pr., 218. Swan's Pleadings, 109. *Brewster v. Silence*, 8 N. Y., 215. *Draper v. Snow*, 20 Ib., 337. 7 Kan., 339. 20 Mich., 46. The liability of the guarantor does not arise upon the same obligation or instrument, therefore is not brought within sec. 44, page 529, General Statutes of Nebraska. *Central Savings Bank v. Shine*, 48 Mo., 463. *McMillan v. Bull's Head Bank*, 33 Ind., 11. *Allen v. Fosgate*, 11 How. Pr., 218. 2 Parsons, N. and B., 218.

*T. D. Scofield* and *A. T. Ash*, for defendants in error, cited Gen. Stat., Neb., 529, sec. 44. Story on Promissory Notes, sec. 468. *White v. Howland*, 9 Mass., 314. *Carver v. Warren*, 5 Mass., 545. *Sumner v. Gray*,

4 Pick., 311.  *Guidrey v. Vives*, 3 Martin, N. S., 659.
*Nelson v. Dubois*, 13 John., 175.  *Luqueer v. Prosser*, 1
Hill, 256.   4 Hill, 420.   *Manrow v. Durham*, 3 Hill,
584.   *Ketchel v. Burns*, 24 Wend., 456.   *Clay v. Edger-
ton*, 19 Ohio State, 554.   *State v. Olds*, 12 Ohio, 168.
*Gale v. Van Arman*, 18 Ohio, 336.   16 Ohio, 1.   *Neil v.
Trustees*, 31 Ohio State, 15.   The guarantee alleges on
its face that it was made for value received.   This is a
sufficient averment of a consideration.   Story on Pro-
missory Notes, §§ 458, 496.

MAXWELL, CH. J.

On the fifteenth day of April, 1876, Alfred Calvert
executed a note for the sum of $35 and interest to P.
P. Mast & Co., due and payable at the Adams county
bank on the first day of November, 1877.   Before the
delivery of the note to P. P. Mast & Co. the following
guaranty was written on the back of the note by Mow-
ery, their agent:

"For value received we hereby guarantee the pay-
ment of the within note, and waive protest, demand,
and notice of non-payment thereof.

"G. W. MOWERY."

On the seventh day of January, 1879, an action was
commenced against Calvert and Mowery before a jus-
tice of the peace upon the note in question, and judg-
ment rendered against them jointly for the sum of
$44.62 and costs.   Mowery appealed to the district
court.   A petition being filed in the district court
praying for a joint judgment against Calvert and
Mowery, a demurrer was interposed by Mowery on
the ground of a misjoinder of causes of action.   The
demurrer was overruled and judgment rendered
against him jointly with Calvert.   Mowery brings the
cause into this court by petition in error.

The only question at issue is the right of the holder of a note to bring a joint action against the maker and a guarantor of the note. Section 44 of the code of civil procedure provides that "persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, may, all or any of them, be included in the same action at the option of the plaintiff." [Gen. Stat., 529.]

This is a literal copy of sec. 120 of the code of New York as it existed prior to 1876, which has been copied in Ohio, Florida, Minnesota, Oregon, Colorado, North Carolina, South Carolina, and Wisconsin. Bliss on Code Pleading, sec. 94. In Kansas the words "and indorsers and guarantors" follow the words "promissory notes."

Section 2550 of the code of Iowa of 1873 provides that "when two or more persons are bound by contract, or by judgment, decree, or statute, whether jointly only or jointly and severally, or severally only, and including the parties to negotiable paper, common orders and checks, and sureties on the same, and separate instruments, or by *any liability* growing out of the same, the action thereon may, at the plaintiff's option, be brought against any or all of them." Under these provisions it is held that the guarantor, when the guaranty is on the same paper with the original instrument, may be joined as defendant with the maker. *Peddicond v. Whittam*, 9 Iowa, 471. *Marvin v. Adamson*, 11 Id., 371. *Tucker v. Shiner*, 24 Id., 334. *Stout v. Noteman*, 30 Id., 414. *Mix v. Fairchild*, 12 Id., 351.

In *Gale v. Van Arman*, 18 Ohio, 336, before the adoption of the code, the supreme court held that, where a stranger to a note, payable in clocks, at the time of the execution wrote upon the back of the note and signed these words: "I guarantee the fulfillment of the within contract," it was a joint contract, and that

the parties might be sued jointly upon it, citing *Leonard v. Sweetzer*, 16 Ohio, 1. *Stage v. Olds*, 12 Id., 158. *Bright v. Carpenter & Schuer*, 9 Id., 139. The decision is placed upon the ground that the instruments were executed by principal and surety at the same time, upon the same consideration, for the same purpose, and took effect from a single delivery. The dissenting opinion of HITCHCOCK, C. J., seems to draw the proper distinction between a guarantor and surety, which seems to have been overlooked by the majority of the court.

Where the guaranty is made at the same time with the principal contract, and becomes an essential ground of credit, there is no doubt the *consideration* extends to the contract of guaranty. But a contract of guaranty is not a primary obligation to pay, but is an undertaking that the debtor shall pay. The contract of the maker and sureties upon a promissory note is to pay the same. The guarantor is not a promisor with the maker. How, then, can he be sued with the maker of a promissory note upon an obligation to which he is not a party? The contract of guaranty is a separate and independent contract, and the liability of the guarantor is governed by the express terms of his contract. He cannot be joined in an action against the maker of a note, he not being liable as maker. *Phalen v. Dingee*, 4 E. D. Smith, 379. *De Ridder v. Schermerhorn*, 10 Barb., 638. *Tibbits v. Percy*, 24 Id., 39. *Allen v. Fosgate*, 11 How. Pr., 218. *Borden v. Gilbert*, 13 Wis., 670. *Virden v. Ellsworth*, 15 Ind., 144. *Bondurant v. Bladen*, 19 Id., 160. It follows that the judgment of the district court must be reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.