## T. T. WEITZ v. C. C. WOLFE.

[FILED JANUARY 14, 1890.]

1. **Negotiable Instruments:** INDORSEMENT: WRITTEN GUARANTY IS. Where the payee of a negotiable promissory note sells the same with the following written on the back of it: " I guarantee the payment of the within note, waiving demand and notice of protest," which is signed by the payee, *held*, to constitute an indorsement, and that the maker and indorser may be joined in an action on said note.

2. **Review:** ERRORS MUST BE ASSIGNED. "In an action at law, to obtain a review of errors, which have occurred during the progress of a trial, they must be assigned in a motion for a new trial." (*Manning v. Cunningham*, 21 Neb., 288.)

ERROR to the district court for Johnson county. Tried below before APPELGET, J.

*Clarence K. Chamberlain,* for plaintiff in error.

*S. P. Davidson, contra.*

NORVAL, J.

This action was brought in the county court of Johnson county to recover the amount due on a promissory note for $309, made by one R. P. Jennings, and payable to the order of T. T. Weitz. Before maturity, the payee sold and transferred said note to the defendant in error Wolfe, making the following indorsement of the same: "I guarantee the payment of the within note, waiving demand and notice of protest. T. T. Weitz." Jennings and Weitz were made defendants. The former did not appear, although served. The latter answered alleging a misjoinder of parties and of causes of action. A reply was filed, trial had, and judgment rendered against both defendants. Weitz alone appealed to the district court, where the defendant in error filed his petition, which was substantially the same as

Weitz v. Wolfe.

the one filed in the lower court, except that in the prayer judgment was asked against Weitz alone. Plaintiff in error moved to strike the petition from the files, because it stated a different cause of action from that set up in the county court. This motion was overruled, and the defendant answered, alleging the misjoinder of parties and causes of action. A reply was filed, the cause was tried to the court, and judgment was rendered against the plaintiff in error for the amount of the note. A motion for a new trial was overruled, and Weitz brings the case here by petition in error.

It is contended that Weitz was simply a guarantor, and is not liable in the same action with Jennings, the maker of the note, and the case of *Mowery v. Mast*, 9 Neb., 445, is cited to support the position. That was a case where one Calvert executed a note to Mast & Co., which note was before its delivery guaranteed by one Mowery. It was correctly held in that case that a joint action would not lie against the maker and guarantor of a promissory note. The indorsement in that case did not transfer the note. In the case at bar the payee sold and indorsed the note to Wolfe, using the words: "I guarantee the payment of the within note, waiving demand and notice of protest." The indorsement in this case being signed by the payee, operated as a transfer of the note. At the present term of this court, in the case of *Helmer v. Commercial Bank, etc., ante,* p. 474, a writing, like the one quoted above, was held to be an indorsement. The liability of Weitz was not lessened because the indorsement contained the word "guarantee." He is an indorser and was properly sued with the maker in the same aciton. (Compiled Statutes, 1887, p. 471, sec. 6.)

No error was committed in excluding as evidence the petition, answer, and reply on which the cause was tried in the county court. These pleadings were substantially the same as those filed in the district court, and clearly show that the case was tried in both courts on the same issues.

We will not consider the other alleged errors mentioned in the brief of plaintiff in error, for the reason that they were not complained of in the motion for a new trial.    It is only those errors that are assigned in the motion for a new trial that this court will consider. (*Manning v. Cunningham,* 21 Neb., 288).

There being no reversible error in the record, the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.