WILLIAM BELCHER ET AL. V. GEORGE F. PALMER.

[FILED OCTOBER 26, 1892.]

1. **Pleading:** SUFFICIENCY OF PETITION WHEN ATTACKED AFTER JUDGMENT. Petition and exhibit set out in opinion held sufficient after judgment to sustain it, as the defendant who could avail himself of the defense does not object.

2. **Jurisdiction:** SUMMONS: DEFENDANTS RESIDING IN DIFFERENT COUNTIES. Where there is no charge of collusion or fraud between the indorser and holder of a promissory note as to the liability of such indorser, and an action is brought against him in the county where he resides within the state, and service had on him there, a summons may be issued and served on the makers in other counties of the state.

ERROR to the district court for Hall county. Tried below before HARRISON J.

*O. A. Abbott,* and *A. M. Robbins,* for plaintiffs in error.

*Thummel & Platt, contra.*

MAXWELL, CH. J.

This action was brought in the county court of Hall county by the defendant in error against the plaintiffs in error and H. J. Palmer. The petition is as follows:

" The said plaintiff demands judgment against said defendant for the sum of $530, with interest thereon from the 27th day of October, A. D. 1883, at ten per cent per

32

annum, and costs of suit, upon a promissory note made and delivered by defendant, in the name of A. Rowan and Wm. Belcher, to H. J. Palmer, and assigned to plaintiff, who is now the owner thereof. A copy of said note is hereto attached, marked 'Exhibit A,' and made a part hereof. Said note is now long past due and no part of same has been paid. And there is now due from the defendant to the plaintiff upon said note the amount first above demanded, with interest, as stated above."

The promissory note with the indorsements thereon is as follows:

"$530. LAW OFFICE OF THUMMEL & PLATT,

"GRAND ISLAND, NEB., Oct. 27, 1883.

"October 27, 1884, after date, for value received, we, or either of us, promise to pay to the order of H. J. Palmer, five hundred and thirty dollars, at Thummel & Platt's office, with interest at ten per cent per annum from date until paid. Secured by C. mortgage dated on 10–27–'83, on two mules, two horses, one wagon, sixteen head of cattle. A. ROWAN.

"WM. BELCHER."

Indorsement on back:

"March 4, 1885, credit by sale of horses taken back, $30; less expenses as follows:

| | | |
|---|---|---|
| One month keep at $1 per day | $30 | 00 |
| Advertising of foreclosure | 6 | 25 |
| Sale | 1 | 00 |
| | $37 | 25 |

"H. J. PALMER."

William Belcher answered the petition, in substance, that he was a resident of Loup county, Nebraska, and that Rowan was also a resident of Loup county, but the defendant H. J. Palmer is, as defendant believes, a resident of Hall county. That Palmer was not jointly indebted

with said defendants on said note, and therefore there has been no legal and proper service on the answering defendants.

Rowan demurred to the petition: first, because the court had no jurisdiction, and second, because the petition fails to state a cause of action.    Default was taken against Palmer.    The cause was then continued, by consent of parties present, to the 5th day of November, 1889, at 9 o'clock A. M.    Various continuances were had by agreement until March 27, 1890, when the demurrer was overruled, whereupon Rowan answered, in substance, that he is a resident of Valley county, that the note was transferred to the plaintiff below long after it became due; that no demand for payment was ever made upon him or Belcher, nor any notice of non-payment given to H. J. Palmer, and third, that he paid on said note to H. J. Palmer $350 in one span of horses.    A reply was filed which need not be noticed.    The cause was further continued to June 16, 1890, when a trial was had.    The docket entry is as follows:

"June 16, 1890, 10 A. M.    Plaintiff present by attorney.    Defendants A. Rowan and Wm. Belcher present in person and by attorneys, O. A. Abbott and A. M. Robbins.    Case called.    W. H. Platt, G. F. Palmer, and H. J. Palmer sworn and examined on behalf of plaintiff.    Plaintiff rests.    Defendant moved to dismiss action for the reason that plaintiff has proven no demand on the makers of the note sued on, and has failed to prove any notice to the indorser thereon of a failure to pay by said makers.    Motion argued, submitted, and overruled, to which defendants excepted.    Defendants Wm. Belcher and A. Rowan sworn and examined on their own behalf.    Depositions of sundry witnesses read on behalf of defendants.    Defendants rest.    Plaintiff calls J. A. Clement, Fritz Langman, F. E. Stroud, O. U. Wescott and John Fonner, who were sworn and examined on behalf of plaintiff in

rebuttal. Case argued and submitted and taken under advisement by the court till June 17, 1890, 9 A. M.

"June 17, 1890, 9 A. M. I find for the plaintiff that there is due from said defendants, A. Rowan and Wm. Belcher, as makers, and H. J. Palmer, as endorser, to said plaintiff upon said note, the sum of $648.77, principal and interest. It is therefore considered by me that said plaintiff recover from said defendants, A. Rowan and Wm. Belcher, as makers, and H. J. Palmer, as endorser, the said sum of $648.77, the amount so as aforesaid found due, and the cost of suit herein, taxed at $41.20, judgment to draw interest at ten per cent, as provided in said note, execution to issue."

The case was taken on error to the district court, where the judgment of the county court was affirmed. None of the evidence is preserved. H. J. Palmer is not here objecting either to the petition or judgment. There is no allegation of collusion or fraud in the answer or any fact to show that the judgment is unjust, but because of the failure to allege a waiver of demand and notice, or facts to show such demand and notice, we are asked to hold that the judgment cannot be sustained, and this, too, by parties who are not affected by the failure to plead these facts. This we cannot do. In the absence of collusion or fraud, neither of which is charged, Belcher and Rowan cannot object to the rendering of judgment against Palmer. It is unnecessary to discuss the matter. On the pleadings alone there is no prejudicial error shown. The judgment of the court below is right and is

AFFIRMED.

THE other judges concur.