JAMES M. BARRY ET AL. V. MICHAEL WACHOSKY ET AL.

FILED JANUARY 19, 1899. No. 8633.

1. **Objection to Jurisdiction:** WAIVER: ANSWER. Where a defendant objects specially to the court's jurisdiction over him and, that being overruled, pleads generally to the merits and interposes as a defense in his answer the facts showing the court's want of jurisdiction, he does not thereby waive the objection that the court had no jurisdiction over him.

2. **Venue:** DEFENDANTS IN DIFFERENT COUNTIES: PROCESS: PARTIES. The test for determining whether an action is rightly brought in one county against the defendant found and served therein, so that others made defendants thereto may be served in a foreign county, is whether the defendant served in the county in which the action is brought is a *bona fide* defendant to that action,—whether his interest in the action and in the result thereof is adverse to that of the plaintiff.

3. **Non-Negotiable Note:** ACTION BY ASSIGNEE. A non-negotiable promissory note is a mere chose in action, as such is assignable, and the assignee thereof may maintain an action thereon in his own name.

4. ————: ————: PARTIES. To such a suit the assignor is not a necessary party. (Code of Civil Procedure, sec. 30.)

5. ————: ASSIGNMENT: LIABILITY OF PAYEE. The payee of a non-negotiable note who writes his name across the back thereof, and sells and delivers the note, does not thereby render himself liable on such note to the holder thereof.

6. ————: ————: ————. Such a payee of such a note may render himself liable to his assignee for the payment of such note by writing a contract to that effect over his signature; but such a contract, if made, would be a separate and independent one from that evidenced by the note, and the makers of the note would not be liable on that contract.

7. ————: ————: ACTION BY ASSIGNEE: PARTIES. To a suit by the assignee of such a note thereon the original payee is not a proper party. To a suit by such assignee on the payee's contract to be liable for the payment of the note the makers thereof are not proper parties.

8. **Joinder of Causes of Action.** Two causes of action on two separate contracts cannot be united in one petition unless each cause of action affects all parties made defendants.

ERROR from the district court of Douglas county. Tried below before SLABAUGH, J. *Reversed.*

*Mel C. Jay, Jay & Welty,* and *Alfred Pizey,* for plaintiffs in error.

*George E. Pritchett, contra.*

RAGAN, C. ·

James M. Barry, J. M. Brannan, and C. D. Ryan made their promissory note for $500, and delivered the same to one D. F. Clarke. The note was payable to Clarke only. It was non-negotiable. Before the note matured Clarke seems to have sold it to Michael Wachosky. At any rate he wrote his name across the back of the note, and over that he recited in writing that he guarantied the payment of the note, and delivered it to Wachosky. The latter, in the county court of Douglas county, brought a suit against Clarke, Barry, Brannan, and Ryan and set out in his petition the execution and delivery of the note by the makers thereof to Clarke, and then that Clarke wrote his name on the back of the note, and wrote over his name his contract guarantying the payment of the note, and delivered it to him, Wachosky. Clarke resided and was summoned in Douglas county. The makers of the note were found and summoned in Dakota county. The makers of the note, on being brought into the county court, appeared specially and objected to the jurisdiction of the court over them, upon the grounds that they were found and summoned in Dakota county, where they resided, and that Clarke was summoned in Douglas county. This objection of the makers to the jurisdiction of. the county court over them was by it overruled. The makers · of the note then answered to the merits of Wachosky's petition, and interposed as a defense to the court's jurisdiction the fact that they were residents of and found and summoned only in Dakota county. Wachosky, by

a reply to this answer, admitted that the makers were found and summoned only in Dakota county. Wachosky had a verdict and judgment in the county court, and the makers prosecuted a petition in error to the district court to reverse that judgment. The district court affirmed the judgment of the county court, and its judgment is now before us on a petition in error.

1. The plaintiffs in error adopted the proper practice to raise the question of the court's jurisdiction over them. (*Hurlburt v. Palmer*, 39 Neb. 158; *Anheuser-Busch Brewing Ass'n v. Peterson*, 41 Neb. 897; *Lowe v. Riley*, 57 Neb. 252.) The court having overruled the objections of the plaintiffs in error to the court's jurisdiction over them, they properly set up the facts of their being residents of and summoned only in Dakota county as one of the defenses of their answer, and by so doing did not waive the question of jurisdiction, though in the same answer they pleaded generally to the merits of the plaintiffs' case.

2. Section 60 of the Code of Civil Procedure provides, in substance, that every action not otherwise specifically provided for must be brought in the county in which the defendant, or some one of the defendants, resides or may be summoned. Section 65 of the Code provides that when an action is rightly brought in any county a summons may be issued to another county against any one or more of the defendants at the plaintiff's request. Now Clarke was made a defendant to this action, and he was served with summons in Douglas county, and therefore it was proper to summon the other defendants to the action in Dakota county, if the action was rightly brought against Clarke in Douglas county. The test for determining whether an action be rightly brought in one county against the defendant found, and served therein, so that the other defendants may be served in a foreign county is whether the defendant served in the county in which the action is brought is a *bona fide* defendant to that action,—whether his interest in the action and in the

result thereof is adverse to that of the plaintiff. (*Hanna v. Emerson*, 45 Neb. 708, and cases there cited; *Miller v. Meeker*, 54 Neb. 452.) *Pearson v. Kansas Mfg. Co.*, 14 Neb. 211, is no longer regarded as sound, but has in effect long been overruled. So that, looking at this action as a suit upon the promissory note executed by the plaintiffs in error to Clarke, we have the question, Did Clarke, by assigning this note to Wachosky, become liable upon the note? We think not. The note was non-negotiable. It was a mere chose in action. It was assignable, and when assigned by Clarke, the payee, his assignee, Wachosky, could maintain an action upon it in his own name, and to this action Clarke was not a necessary party. (Code of Civil Procedure, sec. 30.) Clarke, by assigning this note to Wachosky, did not become liable to him or his assignee on the note, and therefore, viewing this action as a suit upon the note, Clarke was not interested in the result of that action adversely to Wachosky, and therefore the action was not rightly brought on the note in Douglas county and the court had no jurisdiction over the plaintiffs in error. Of course, if the payee of a negotiable promissory note writes his name across the back thereof, without more, and delivers it to a third party, the law will write over that signature the promise on the part of such payee that, if the holder thereof presents it to the maker when due for payment, and it be dishonored, and he be given due notice thereof, he will pay the note to the holder. But the payee of a non-negotiable note who sells it, writes his name across the back thereof, and delivers it to the vendee, without more, does not thereby become liable upon the note. His assignment and delivery of the note simply amounts to a quitclaim upon his part of his interest in the note to his vendee. Such a payee of such a non-negotiable note may of course make himself liable to his assignee for the payment of said note by a writing evidencing such a contract over his signature. But in that case such contract would be a separate and independent one from the contract

German Ins. Co. v. Frederick.

evidenced by the note and would not affect the makers of the note nor their liability; nor enable the holder of the note to unite in one action the makers and the payee. In the case at bar Clarke did write over his signature on this note a guaranty of payment, and by so doing he became liable to Wachosky as a guarantor of this note. But the makers of the note were not parties to this contract of guaranty. The contract of guaranty was Clarke's contract, and a separate and independent contract from the contract made by plaintiffs in error. Clarke was not, and is not, liable to Wachosky on the note. The makers of the note are not liable to Wachosky upon Clarke's guaranty. Therefore, if we regard this as a suit upon the note, Clarke was not a proper party thereto, and the court had no jurisdiction over the plaintiffs in error. If we regard it as a suit upon the guaranty, Clarke was the only proper party thereto and the court had no jurisdiction over the plaintiffs in error. Wachosky has, perhaps, two causes of action. One cause of action is on the note and against the makers thereof. The other cause of action is against Clarke on his guaranty of payment. These two causes of action cannot be united, for the obvious reason that each one does not affect all the parties to the action. (*Mowery v. Mast,* 9 Neb. 445; Code of Civil Procedure, sec. 88.) The judgment of the district court is reversed and the action, so far as it affects the plaintiffs in error, is dismissed.

REVERSED AND DISMISSED.