## J. W. TEMPLIN V. GEORGIA KIMSEY.

FILED OCTOBER 5, 1905. No. 13,933.

1. **Pleading**: JURISDICTION, WANT OF. Where the want of jurisdiction does not appear upon the face of the record, it may be pleaded with other defenses in the answer.

2. ——: ——. That the defendant in a case of that kind first raised the question of jurisdiction on a special appearance, which was overruled, does not affect his right to include a plea to the jurisdiction with other defenses in his answer.

ERROR to the district court for Lancaster county: LIN-COLN FROST, JUDGE. *Reversed.*

*Tibbets & Anderson*, for plaintiff in error.

*George A. Adams, contra.*

ALBERT, C.

This suit was brought before a justice of the peace of Lancaster county. The return to the summons is regular on its face, and shows that service was made on the defendant by leaving a copy at his usual place of residence in said county. On the return day the defendant entered a special appearance, objecting to the jurisdiction of the court on the ground that he was a resident of Merrick county, and had no place of residence in Lancaster county at the time the summons purports to have been served. The objection was overruled, and the defendant entered no further appearance at that time. The justice gave judgment in favor of the plaintiff, and within 10 days thereafter the defendant appeared before the justice, paid the costs, and asked to have the judgment set aside in pursuance of the provisions of section 1,001 of the code relating to the setting aside of judgments taken by default before a justice of the peace, at the same time filing an answer, containing, among other things, a plea to the

jurisdiction of the justice based on the same ground as that urged in his special appearance. The justice set aside the judgment, and upon the hearing of the cause gave judgment in favor of the defendant. The plaintiff appealed to the district court, where the defendant, among other defenses, again entered a plea to the jurisdiction of the court. On plaintiff's motion this plea was stricken from the answer, and upon a trial on the merits the jury found for the plaintiff, and the court gave judgment accordingly.

The sole question in the case arises on the ruling of the court on the plaintiff's motion to strike the plea to the jurisdiction of the court from the answer. The plaintiff contends that, when the defendant appeared before the justice for the purpose of having the judgment set aside, he submitted himself to the jurisdiction of the court, and waived the want of due service of process. In urging this proposition there is a failure to distinguish between those cases where the want of service, or some defect or irregularity therein, appears on the face of the record, and involves merely a question of law, and those where such want or defect does not thus appear, but is based on a state of facts *dehors* the record. In the latter class of cases it is well settled that the want of jurisdiction may be pleaded with other defenses in the answer. The rule is exhaustively discussed by Commissioner RYAN in *Hurlburt v. Palmer*, 39 Neb. 158, and has been reaffirmed in the following cases: *Herbert v. Wortendyke*, 49 Neb. 182; *Kyd v. Exchange Bank*, 56 Neb. 557; *Barry v. Wachosky*, 57 Neb. 534; *Anheuser-Busch Brewing Ass'n v. Peterson*, 41 Neb. 897; *Baker v. Union Stock Yards Nat. Bank*, 63 Neb. 801. That the defendant appeared specially for the purpose of objecting to the jurisdiction of the justice, and such objection was overruled before the filing of the answer including a plea to the jurisdiction, however material to other questions, is immaterial for the purposes of the question under discussion, or any question presented in the argument. *Barry v. Wachosky, supra.* That the de-

fendant had a right to interpose a plea to the jurisdiction in the district court is clear from the authorities cited, and it follows that the court erred in sustaining the motion to strike that plea from the answer.

It is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reason stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.