F. J. AYRES, APPELLEE, V. I. J. WEST, SHERIFF, APPELLANT.

FILED MARCH 10, 1910.   No. 15,869.

1. **Action:** JOINDER: CAUSES OF ACTION. A cause of action against the maker of a promissory note and a cause of action against a third person who has guaranteed that the bill shall be paid are not identical, nor do the contracts create a joint liability.

2. **Process:** SUMMONS TO ANOTHER COUNTY. If an action for a money judgment is brought upon those contracts in the county where the maker of the note resides and summons is served upon him in that county, the court is without authority to issue an alias summons to a foreign county for the guarantor.

3. **Judgment:** COLLUSIVE JOINDER OF DEFENDANTS: INJUNCTION. Where persons, severally and not jointly liable on separate contracts,

have been collusively joined as defendants for the sole purpose of bringing suit for a money judgment against a defendant in a county wherein he does not reside, a summons sent to, and served upon him in, the county of his residence is void, and if the record discloses those facts, collection of the judgment may be enjoined.

APPEAL from the district court for Butler county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*Norval Brothers, J. J. Thomas* and *Edwin Vail,* for appellant.

*R. C. Roper* and *Skiles & Harris, contra.*

ROOT, J.

This action is prosecuted against the sheriff of Butler county to enjoin him from selling plaintiff's real estate on execution. Plaintiff prevailed, and defendant appeals.

Walter Jackson, prior to 1889, executed two promissory notes maturing July 1, 1889, payable to William Deering & Company, or order. A contract of guarantee signed by plaintiff appears on the back of each note as follows: "For value received I hereby guarantee that the indebtedness mentioned in the within note, with interest at the rate agreed upon, will be paid by the maker thereof at maturity, and hereby consent that the time of payment thereof may be extended, or new note or security for the same debt taken, and this guarantee shall extend and apply thereto, hereby waiving protest, demand, and notice of nonpayment and necessity of suit against any party to this note, or any note taken in its place." Ayres is credited with the payment of 50 cents June 13, 1894.

June 2, 1898, Deering & Company commenced an action in the county court of Hall county against Jackson and Ayres. In its petition plaintiff charged that the defendants made and delivered the notes. Copies of the bills and of the guarantee are attached to the petition and made a part thereof. A summons was issued to the sheriff

of Hall county and served on Jackson.   The sheriff in his
return to the writ states: "F. J. Ayres not served on
account of not being found in Hall county."   In June,
1898, Ayres was, and has continued to be, a resident of
Butler county.   June 21, 1898, a summons was issued
to the sheriff of Butler county for Ayres, and served on
him in that county.   Ayres did not appear in the action,
his default was entered on answer day, and judgment was
rendered for the full amount of Deering & Company's
claim.   Prior to the entry of said default and judgment,
Jackson had demurred to the petition because of a mis-
joinder of causes of action.   The demurrer was submitted
the day judgment was entered against Ayres, and there-
after sustained.   Subsequently an amended petition was
filed wherein Jackson was given credit for $25 not men-
tioned in the original petition.   To this pleading Jackson
demurred, his demurrer was overruled, and he answered.
The transcript does not contain a copy of this pleading,
but a statement is made that Jackson pleaded the statute
of limitations.   Deering & Company's attorney filed a
stipulation to the effect that Jackson had withdrawn his
demurrer, that he was a proper party to the action, and
that other facts existed which demonstrate the statute
of limitations had barred a recovery against Jackson.
The court made findings in conformity with the stipula-
tion, but did not render judgment thereon.

1. Plaintiff contends that his joinder with Jackson in
said suit was fraudulent and collusive; that the petition
disclosed a several liability of the defendants on distinct
and separate contracts; and that the court never acquired
jurisdiction to render a judgment in that action against
any one other than Jackson.   Defendant asserts that the
pleadings in the county court presented questions of fact
and law which the judge necessarily determined when he
issued a summons to Butler county, and that the judg-
ment at most is erroneous, but not void.   Defendant
further urges that Ayres, by failing to present timely
objections to the court's jurisdiction, waived his privilege

to be sued in the county of his residence. It is also suggested that under the authority of *Pollard v. Huff,* 44 Neb. 892, Ayres is an indorser and jointly liable with Jackson for the payment of said notes. Sections 51 to 59, both inclusive, of the code, under title IV, specify the venue for various actions and for the prosecution of suits against corporations. Section 60 provides: "Every other action must be brought in the county in which the defendant, or some one of the defendants, resides, or may be summoned." Section 65 directs: "Where the action is rightly brought in any county, according to the provisions of title four, a summons shall be issued to any other county, against any one or more of the defendants, at the plaintiff's request."

The law is well settled that, in an action for a money judgment, a summons cannot be lawfully sent to a county other than the one wherein the litigation is pending, unless there is a joint demand against the nonresident defendant and the party summoned in the county where the suit is commenced. *Barry v. Wachosky,* 57 Neb. 534; *Seiver v. Union P. R. Co.,* 68 Neb. 91; *Stull Bros. v. Powell,* 70 Neb. 152. Copies of the notes were attached to and made part of the petition. Ayres' name does not appear as a maker or payee of either note, but his signature was written across the back of the instruments beneath technical words apt to charge him as guarantor, but not as maker or indorser. In *Mowery v. Mast & Co.,* 9 Neb. 445, we held that the contract of the payee who indorses a note and the agreement of a mere guarantor that the bill should be paid are so distinct that a joint action cannot be maintained thereon. *Weitz v. Wolfe,* 28 Neb. 500, approves *Mowery v. Mast & Co., supra.* In *Heard v. Dubuque County Bank,* 8 Neb. 10, a distinction is made between a guarantee of payment indorsed by the payee upon a negotiable instrument and a like contract executed by a person not a party to the bill. It is suggested that the payee must have intended to transmit title by signing his name across the back of the note, and for

that reason he would be considered an indorser as well as a guarantor. Our subsequent decisions are in accord with *Heard v. Dubuque County Bank, supra. State Nat. Bank v. Haylen,* 14 Neb. 480; *Helmer v. Commercial Bank,* 28 Neb. 474; *Buck v. Davenport Savings Bank,* 29 Neb. 407. In *Pollard v. Huff,* 44 Neb. 892, cited by defendant, a payee of a note guaranteed its payment, and the case is within the rule announced in *Heard v. Dubuque County Bank, supra.* The other guarantors were held, under the peculiar facts of the case, to be sureties and indorsers of the note. Judge POST cites *Weitz v. Wolfe, supra,* wherein *Mowrey v. Mast & Co., supra,* is approved, and does not attempt to discredit or modify the preceding decisions of this court.

Ayres and Jackson were not by virtue of their contracts subject to a joint suit by Deering & Company. These contracts were referred to, and, in exact language by exhibits to the petition, made part of that pleading. *Bank of Stockham v. Alter,* 61 Neb. 359. In the light of the reported decisions of this court, counsel for Deering & Company must have known that Jackson and Ayres were not jointly liable to his client. The fact that he took a several judgment against the nonresident defendant upon return day indicates that he in truth was not contending for a joint liability. The judgment, it will be observed, is not upon the notes, but "upon the cause of action set forth in plaintiff's petition." Now, the only cause of action set forth in the petition against Ayres is upon his contract of guarantee, so that plaintiff was prosecuting two distinct and several causes of action against as many defendants, and the court purported to enter a separate several judgment against the nonresident defendant upon the cause of action not pleaded as a liability of the resident defendant. Manifestly the county judge did not have power to render a valid judgment against Ayres in the circumstances of this case. Deering & Company is in no better plight than it would be if it had commenced a separate suit against Ayres and caused

summons to be issued to and served on that defendant in Butler county. In such a case the county court would not have acquired jurisdiction. *Walker v. Stevens,* 52 Neb. 653. The action of Deering & Company and of Jackson suggests that the former did not hope to recover judgment against Jackson, that Jackson's interest in the suit was not from any standpoint adverse to the plaintiff therein, and that the joinder of defendants in the county court was fraudulent and collusive. · In *Strowbridge v. Miller,* 4 Neb. (Unof.) 449, we held that a collusive joinder of defendants for the sole purpose of bringing suit against a nonresident of the county where the action is brought will not vest the court with authority to send its summons to the other county, and a judgment rendered upon default in such a case is void. The opinion has not been officially reported, but is in line with the principle announced in *Dunn v. Haines,* 17 Neb. 560; *Cobbey v. Wright,* 23 Neb. 250; *Miller v. Meeker,* 54 Neb. 452; *Barry v. Wachosky,* 57 Neb. 534; *Seiver v. Union P. R. Co.,* 68 Neb. 91. See, also, *Graham v. Ringo,* 67 Mo. 324; *Union Stoneware Co. v. Lang,* 103 Minn. 466; *Stevenson v. Murphy,* 106 Minn. 243; *Marshall v. Saline River Land & Mineral Co.,* 75 Kan. 445. The finding of the district court that William Deering & Company procured the judgment in Hall county by fraud is to our minds supported by the evidence, although that finding is not necessary to sustain the decree rendered herein.

2. It is argued that, conceding the judgment to be void, a court of equity will not enjoin its execution. The county judge's record disclosed his lack of jurisdiction, and Ayres may enjoin collection of the judgment, especially so since it clouds his title to real estate. *Predohl v. O'Sullivan,* 59 Neb. 311; *Fogg v. Ellis,* 61 Neb. 829; *Chicago, B. & Q. R. Co. v. Hitchcock County,* 60 Neb. 722.

We have not made specific mention of all points discussed in the well-written briefs filed on behalf of defendant, but they have been considered, and it is not

thought necessary to further extend this opinion by reference thereto.

The judgment of the district court is

AFFIRMED.