W. L. WISTROM, APPELLEE, V. C. A. FORSLING, SHERIFF OF KIMBALL COUNTY, ET AL., APPELLANTS.

9 N. W. (2d) 294

FILED APRIL 23, 1943. No. 31524.

*Torgeson & Halcomb* and *Chambers, Holland & Locke,* for appellant.

*P. J. Heaton* and *John H. Kuns, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

YEAGER, J.

This is an action in equity which was instituted in Kimball county, Nebraska, by plaintiff and appellee against C. A. Forsling, sheriff of Kimball county, Nebraska, and W. R. Linch, defendants and appellants. The action was to enjoin the enforcement of a judgment which had been obtained against the plaintiff in the municipal court of the city of Lincoln, Lancaster county, Nebraska, on the ground that the judgment was null and void and unenforceable. The decree was favorable to the plaintiff and defendants have appealed.

The substantial pertinent facts which provide the basis for the action here are the following: About September 21, 1931, the plaintiff here, a resident of Kimball county, Nebraska, executed and delivered his promissory note in the amount of $599.25 for payment of hail insurance premiums to the Lincoln Hail Insurance Company. This note was never paid. In May of 1932 this note was negotiated to the Continental National Bank of Lincoln, Nebraska, apparently as collateral security for a loan. Apparently the Lincoln Hail Insurance Company became insolvent and thereafter this note was sold. When it was sold it was indorsed "without recourse" by the bank. Following this indorsement appears one by Charles Carr, one of the defendants in the municipal court. W. R. Linch, claiming to be the owner, instituted action on the note in the municipal court of Lincoln, Lancaster county, Nebraska, against the plaintiff herein and Charles Carr. There is no contention that plaintiff here ever resided in Lancaster county. Carr entered a voluntary appearance and plaintiff was served with process by registered mail in Kimball county, Nebras-

ka. Plaintiff ignored the process and judgment was taken against both parties for the full face of the note with interest in the amount of $878.87. This judgment was taken by transcript to the district court for Kimball county, Nebraska, and out of that court execution issued which the defendant sheriff levied on the property of plaintiff.

It is the enforcement of this judgment that plaintiff has sought to enjoin.

In his petition plaintiff has charged that the judgment is null and void for the following reasons: The municipal court of the city of Lincoln, Lancaster county, Nebraska, had no jurisdiction over the plaintiff; the action was not properly filed in the said municipal court and summons was not properly issued or served in Kimball county, Nebraska; the petition in the action on the note showed on its face that there was no reasonable basis for action against Charles Carr, it not showing a controversy in which the interests of Carr and Linch were adverse; there was a fraudulent and collusive agreement whereby the note in question was purchased by Linch but that it was taken in the name of Carr and by him transferred to Linch by indorsement so that action could be instituted thereon against Carr and service of process had upon him in Lancaster county, Nebraska, so that process could be served on the maker in Kimball county, Nebraska; there was no joint liability as between the plaintiff here and Carr.

The petition which was filed in the municipal court of Lincoln, Lancaster county, Nebraska, on the note in question and on which judgment was obtained, excluding the copy of the note and indorsements thereon, is the following:

"Comes now the plaintiff and for his cause of action against the defendants, and each of them, alleges and states as follows, to wit:

"1. That the defendant, Charles Carr, is a resident of Lancaster county, Nebraska.

"2. That on or about the 21st day of September, 1931, the defendant, W. L. Wistrom for valuable consideration made, executed and delivered to the Lincoln Hail Insurance

Company of Lincoln, Nebraska, a certain promissory note a copy of which note is hereto attached and made a part hereof and marked exhibit A (together with all indorsements thereon).

"3. That thereafter for value received said Lincoln Hail Insurance Company, payee and Continental National Bank and Charles Carr indorsed said note as shown by indorsements on the back of exhibit A. That the plaintiff is now the owner and holder of said note having purchased same for a valuable consideration from Charles Carr and that there is now due and owing to this plaintiff from the defendants, and each of them, the sum of $878.87 and interest thereon at the rate of 10 per cent. per annum from and after this date.

"Wherefore, plaintiff prays judgment against the defendants, and each of them, in the sum of $878.87 together with interest thereon at the rate of 10 per cent. per annum from this date."

The findings of the district court in the present case sustain each and all of the grounds alleged, upon which the plaintiff claims that he is entitled to have an injunction against the enforcement of the municipal court judgment, and decree accordingly was entered.

From an examination of the bill of exceptions we are required to state that there is no evidence supporting the allegation of the petition and the finding of the court that there was a fraudulent and collusive agreement concerning the purchase and transfer of the note for commencement of action and service of process, and no evidence of probative value from which such an inference could reasonably be drawn. There is no evidence whatever in this record to indicate irregularity in any degree. There is nothing in the record which would lead to a conclusion that there was not a *bona fide* sale of the note to Charles Carr or that his indorsement was not in due course. Therefore because of this complete failure of proof on this proposition a discussion of the weight to be given the findings of the trial court is not pertinent here.

We conclude then that the proper issue for determination is that of whether or not the petition in the municipal court was sufficient on its face to confer jurisdiction of that court over the plaintiff here who was served with process in Kimball county, Nebraska.

By section 20-409, Comp. St. 1929, which was the effective statute when the municipal court action was instituted and which is applicable here, it was provided: "Every other action must be brought in the county in which the defendant, or some one of the defendants, resides or may be summoned."

By this section one may not merely name a resident party defendant and thus secure the right to have process upon a party in a foreign county. The right can only be secured by naming and having served a resident party who shall be a real party defendant and shall have a real or *bona fide* interest in the controversy between the plaintiff and the nonresident defendant. *Stewart v. Rosengren,* 66 Neb. 445, 92 N. W. 586; *Ayres v. West,* 86 Neb. 297, 125 N. W. 583; *Barry v. Wachosky,* 57 Neb. 534, 77 N. W. 1080.

In *Barry v. Wachosky, supra,* it was stated: "The test for determining whether an action be rightly brought in one county against the defendant found, and served therein, so that the other defendants may be served in a foreign county is whether the defendant served in the county in which the action is brought is a *bona fide* defendant to that action,—whether his interest in the action and in the result thereof is adverse to that of the plaintiff."

By this test, which is the acceptable one in this jurisdiction, did the petition in the municipal court action state a joint cause of action against Carr and the plaintiff here? We think that it did. The note executed by plaintiff was pleaded as was the indorsement thereof by Carr, sale to him by the Continental National Bank, and ownership of the note in Linch.

Carr, on the basis of the petition, was an indorser of the note, and the liability of an indorser of a negotiable promissory note is well settled by the decisions of this court. An

indorsement of a negotiable promissory note conveying or transferring title thereto makes the indorser liable with the maker. *Heard v. Dubuque County Bank,* 8 Neb. 10; *Weitz v. Wolfe,* 28 Neb. 500, 44 N. W. 485; *Barry v. Wachosky, supra; Ayres v. West, supra.* On this subject the following pertinent statement is found in the opinion in *Barry v. Wachosky, supra:* "Of course, if the payee of a negotiable promissory note writes his name across the back thereof, without more, and delivers it to a third party, the law will write over that signature the promise on the part of such payee that, if the holder thereof presents it to the maker when due for payment, and it be dishonored, and he be given due notice thereof, he will pay the note to the holder."

By this rule, primarily, the liability of the indorser is fixed but also from it is determined the existence of the right to joint action and in consequence the right to serve process upon a defendant in a county other than the one in which the action is instituted.

We must therefore conclude that the petition in the municipal court did state a joint cause of action against Carr and the plaintiff here and that on the basis of the petition summons was properly issued for service in Kimball county, Nebraska.

By this determination we do not conclude that the action here would not lie if plaintiff had shown by evidence that there was a collusive joinder of defendants for the purpose of bringing action against this plaintiff in the municipal court of Lincoln, Lancaster county, Nebraska. This court has held that a collusive joinder of defendants for the sole purpose of bringing suit against a nonresident of the county where the action is brought will not vest the court with authority to send its summons to another county, and a judgment rendered on default in such case is void. *Ayres v. West, supra; Strowbridge v. Miller,* 4 Neb. (Unof.) 449, 94 N. W. 825. See, also, *Belcher v. Palmer,* 35 Neb. 449, 53 N. W. 380; *Hobson v. Cummins,* 57 Neb. 611, 78 N. W. 795; *McCormick Harvesting Machine Co. v. Cummins,* 59 Neb. 330, 80 N. W. 1049; *Hess v. Lell,* 4 Neb. (Unof.) 476, 94 N. W. 975.

In his brief appellee quotes from the opinion, *State v. Barney*, 133 Neb. 676, 276 N. W. 676, and points out that there in a situation similar to the one alleged here it was held that by collusion between Carr and Linch, Carr was joined with nonresidents of Lancaster county, Nebraska, for the purpose of serving the nonresidents with process out of justice of the peace court in Lancaster county. On that ground process on the nonresident was barred by a writ of prohibition.

The authority of that case is not helpful here since in that case doubtless there was evidence from which a finding of collusion could be predicated, whereas here, as has already been pointed out, there is no evidence to support a like or similar finding.

The decree of the district court is reversed and the action of plaintiff dismissed.

REVERSED AND DISMISSED.